JACKSON *v.* THE STATE.—In error.

The terms "corporal oath" and "solemn oath" are used synonymously, and an oath taken with the uplifted hand may be properly described by either term.

INDICTMENT for perjury. Conviction; and judgment against the defendant.

The indictment charges that, at the *September* term, 1843, of the *Hancock* Circuit Court, a certain indictment was pending, &c.; that, on the trial of the defendant in that indictment, at the same term, and before the proper Court, &c., *Frederick Jackson* was sworn as a witness, "and took his corporal oath," &c.; that he swore to a material fact, &c.; that his swearing was false, &c. The indictment thus far states no particular day upon which the trial was had and the testimony of the witness given, but it concludes: "And so the jurors first aforesaid, upon their oath aforesaid, do say that the said *Frederick Jackson*, at the *September* term of the *Hancock* Circuit Court for the year first aforesaid, to-wit, on the twenty-fifth day of *September*, in the year eighteen hundred and forty-three, in the county of *Hancock* aforesaid, before the said *William J. Peaslee, George Tague*, and *Owen Jarrett*, so being judges as aforesaid, and before the said jurors, so taken between the said parties, and sworn as aforesaid (they, the said *William J. Peaslee, George Tague*, and *Owen Jarrett*, judges as aforesaid, then and there having such power and authority as aforesaid) by his own act," &c., "did commit wilful and corrupt perjury," &c.

It is objected to this indictment that the particular day on which the perjury is alleged to have been committed, is stated in the concluding part, and not in the body, of it. We do not think that circumstance renders the indictment bad.

A bill of exceptions states that *John Hager*, clerk of the Court, testified that, at the *September* term of the *Hancock* Circuit Court, 1843, he was clerk of said Court, and did, then and there, on the 25th day of said month, before the

Court and judges named in the present indictment, administer an oath to *Frederick Jackson*, as a witness upon the trial of the defendant in the indictment named in the indictment in the present case, and that "the said *Frederick Jackson*, was sworn that the evidence he should give in the case aforesaid, should be the truth, the whole truth, and nothing but the truth, and with the uplifted hand of him, the said defendant—that the said *Frederick* was not sworn upon the Holy Gospels or the New Testament, nor by laying his hand on the same, but that said oath was administered to said *Jackson* according to the custom and usages of the country;" which was all the evidence as to the manner of administering the oath.

It is objected that the oath proved by this evidence was not a corporal oath, as charged in the indictment, and, hence, that there was a fatal variance between the proof and the charge in the indictment. We are unwilling to concede this. We think the objection hyper-technical. However it may have been in somewhat olden time, in Europe, we think that now, at least, in our state, "corporal oath" and "solemn oath" are used synonymously, and that an oath taken with the uplifted hand, may be properly described by either term. In *Webster's* dictionary are the following definitions:

"*Corporal*, ) A fine linen cloth, used to cover the sacred
    *Corporale*,) elements in the eucharist, or in which the sacrament is put. *Paley. Chalmers.*

"*Corporal oath;* a solemn oath, so called from the ancient usage of touching the *corporale*, or cloth that covered the consecrated elements. *Paley.*"