CASE 36—INDICTMENT—NOVEMBER 15.

# Trimble v. The Commonwealth.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. It is the duty of the court to instruct the jury as the whole law of the case.

2. When it is manifest that the failure so to do is detrimental to the substantial rights of the party, the court will reverse.

3. On an indictment for murder or manslaughter, where the facts justify it, an instruction as to the law of involuntary manslaughter is proper.

4. But an instruction as to the statutory offense defined in section 2, article 4, chapter 29, General Statutes, is not in such case proper.

5. An instruction in which the court undertakes to say to the jury that the law implies malice from any fact or facts is error.

Z. F. SMITH, JR., FOR APPELLANT.

1. The court erred in failing to instruct the jury as to involuntary manslaughter.

2. The court, in giving an instruction which purported to define malice, erred to appellant's prejudice. (Crim. Code, secs. 180, 225, 262; Stokes v. People, 52 N. Y. Rep.; 10 Mich., 212; Farris v. Commonwealth, 14 Bush, 362; Van Tuyl v. Same, 1 Met., 1; Carter v. Same, MS. Opin.; Blimm v. Same, 7 Bush; Kennedy v. Same, 14 Bush, 350; Buckner v. Same, 14 Bush, 601; Jennings v. Same, MS. Opin., 1879; Wharton's Am. Crim. Law, 707.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. Appellant was not entitled to an instruction as to involuntary manslaughter. The facts do not authorize it.

2. The definition of malice did not prejudice the appellant. Taken as a whole, it was calculated to give the jury a correct idea of malice, and was not misleading.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for the murder of his brother, and sentenced to the penitentiary for life. From the evidence the jury were authorized to find, and we must assume it to be true, that the deceased, being of a quarrelsome and aggressive disposition, without provocation, assaulted and beat his little brother and sister, assaulted his father, who interposed to protect them; and while the deceased was

Trimble v. The Commonwealth.

engaged in the assault upon his sister, appellant approached with an axe, and on the deceased, with a grape-shot in his hand, turning upon appellant in a threatening manner, appellant struck and killed him.

It is insisted for appellant, first, that the court erred in failing to instruct the jury in reference to the law of involuntary manslaughter; and second, in saying to the jury that the law implied malice from the existence of certain facts.

It is the duty of the court to instruct the jury in regard to the whole law of the case, and when it is manifest that the failure of the court below to so instruct might have been detrimental to the substantial rights of the accused, this court, on the appeal of the accused, will reverse. In the case under consideration the record does not develop such a state of facts as would authorize a reversal upon the sole ground that the court neglected to give the jury the law of involuntary manslaughter. There are no facts in this case from which the jury would have been justified in finding that the killing was unintentional, yet, for the purpose of making the rulings of the lower courts homogeneous, it may not be inappropriate to state the law upon that question as it is understood by this court.

In Conner v. Commonwealth, 13 Bush, 718, we have said: "Involuntary manslaughter is the killing of another in doing some unlawful act, but without an intention to kill, and this may be either when the act is directed against the person killed, or when it is directed against another person or thing and kills one not intended to be hurt."

Wharton on Homicide, page 35, says it is "involuntary manslaughter, when a man doing an unlawful act, not

amounting to felony, by accident kills another.  It differs from homicide excusable by misadventure in this: that misadventure always happens in the prosecution of a lawful act, but this species of manslaughter in the prosecution of an unlawful one.  When a person does an act lawful in itself, but in an unlawful manner, this excepts the killing from homicide excusable *per infortuniam*, and makes it involuntary manslaughter," which is punishable by fine or imprisonment in jail, one or both, at the discretion of the jury. (Cicero Brown v. Commonwealth, MS. Opinion, November 15th, 1879.)

On an indictment for murder or manslaughter, where the facts justify it, an instruction as to the law of involuntary manslaughter is proper, and even necessary, but an instruction as to the statutory offense defined in section 2, article 4, chapter 29, of the General Statutes, is not, under such indictment, proper.   (Buckner v. Commonwealth, 14 Bush, 602.)

The instruction as to malice, complained of by appellant, is as follows:

"Malice in its legal sense, means an evil design accompanying a wrongful act, and is either expressed or implied.   Express malice is when a wrongful homicide or other personal wrong is committed under such circumstances as shows it to have been the offspring of set purpose and of harbored resentment or revenge.   Malice is also implied by the law from any deliberate and cruel act committed by one person against another, however suddenly done."

By this instruction the question as to the existence of malice is taken from the jury and determined by the court; it reduced the jury to the necessity of acquitting or returning a verdict of guilty of murder.   The killing being established

to the satisfaction of the jury, and finding that the killing was deliberate and cruel, the court in effect peremptorily instructed them to return a verdict of guilty of murder. All the evidence from which the jury might have found that the killing was done in self-defense or in the sudden heat of passion was, by this instruction, effectually excluded from their consideration.

In Farris v. Commonwealth, 14 Bush, decided December 3, 1878, the doctrine is distinctly announced that it is as essential to a conviction for murder that the jury should find, as a matter of fact, that the killing was done with malice, as it is that they should find that the accused did the killing. It was there held, on a review of the authorities, that such instructions are contrary to the reason and analogies of the law of criminal procedure, both at common law and under our statutes and Code.

This case was followed by Buckner v. Commonwealth, 14 Bush, decided March 26th, 1879. There, on an appeal from the court from which this appeal is taken and in reference to an instruction similar to the one under consideration, it is said that it is improper, under any circumstances, for the court to tell the jury that the law implies malice from any state of facts. The existence of malice is a deduction to be made by the jury from the evidence in the case, and not by the court. Repeatedly, since the announcement of the opinions in Farris v. Commonwealth and in Buckner v. Commonwealth, we have, in manuscript opinions, re-affirmed the doctrine of those cases, and denounced every instruction, brought to our notice, in which the court has undertaken to tell the jury that the law implies malice from any given fact or facts. So it may now be safely affirmed that the law

in this state, upon this question, is to be found in the Farris.
and Buckner cases and as here set forth.

Judgment reversed, and cause remanded, with directions.
for further proceedings consistent with this opinion.