·Ball v. The Commonwealth.

CASE 107—INDICTMENT—April 10, 1884.

# Ball v. The Commonwealth.

### APPEAL FROM MERCER CIRCUIT COURT.

1. The plea of not guilty puts in issue every fact necessary for the Com-- monwealth to establish in order to conviction, and, as to all these, the burden is upon the Commonwealth to establish them by proof that. excludes a reasonable doubt.

2. But when the accused relies upon some separate matter of defense, the burden of the proof is upon him to establish it by a preponderance of evidence.

3. Where insanity is relied upon by the accused, inasmuch as the sanity of all men is presumed, he must by a preponderance of evidence estab- lish the fact, and therefore the burden is upon him.

P. B. THOMPSON, SR., FOR APPELLANT.

The proof clearly shows that appellant is insane, and therefore the jury should have found him not guilty.

The burden of proof is upon the Commonwealth to establish every element to make out a case of crime against the accused.

The presumption of the sanity of accused does not exist, and it is for the Commonwealth to·prove the fact of the sanity before he can be con- victed. The court erred in its instructions. (Crim. Code, secs. 239, 175, 14; 2 Met., 23; Redfield on Const. Wills, 40; 6 Bush, 316; 1 Duv., 225; Sickles case; 4 Blackstone, 195; Anderson v. State, 4 Conn.; 43 N. H., 224; 50 *Ib.*, 259; 3 Heisk, 348; 19 Ind., 170; 31 *Ib.*, 485; 31 Ill., 385; 40 *Ib.*, 352; 11 Kans., 32; 1 Gray, 61; 117 Mass., 143; 19 Mich., 9; Cunningham v. State, 17 Miss.)

P. W. HARDIN, ATTORNEY GENERAL, AND BELL & WILSON, FOR APPELLEE.

So far as we ·have been able to ascertain, fourteen States of the Union maintain the doctrine that the plea of insanity must be sustained either by a preponderance of evidence, or made out beyond a reasona- ble doubt. The same rule has always obtained in England.

The instruction of the court, No. 5, conforms to the law as laid down, and if taken in connection with instruction No. 6, or reasonable doubt, states the law more favorably to the appellant .than he is entitled to, (Whart. Crim. Law, vol. 1, sec. 57; Ray on Insanity, pp. 84, 256, 188, 633, 639; 1 Curtis, 1; 8 Har. State Trials, 322; Esquirol, vol. 2, 834; Taylor's Med. Juris., vol. 2,·554; Graham v. Commonwealth, 16 B. Mon., 594; 1 Duv., 225; 4 Met., 227; 5 Bush, 365; 76 Penn. St., 414; 7 Mo., 173; 12 *Ib.*, 223; 21 *Ib.*, 464; 43 *Ib.*, 127; 46 *Ib.*, 414; 53 *Ib.*,. 267; 54 *Ib.*, 153; 68 *Ib.*, 305; 63 Ala., 307; 47 Cal., 134; 57 Me., 574; 10 Ohio, 599; 26 Ark., 332; 6 N. C., 366; Wharton Hom., sec. 665; 2 Greenleaf, sec. 373; 9 Tenn., 490; 2 Bishop's Crim. Pr., 669 to 673.)

Ball v. The Commonwealth.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

On an indictment for murder appellant was found guilty of manslaughter and sentenced to the penitentiary for four years.

There was some proof tending to show insanity in appellant, and it is upon the law in reference to the burthen of proof in such cases that the main question arises. The instruction by the court below placed the burthen of establishing insanity, by preponderance of evidence, upon appellant, while it is contended that sanity, being an essential element in the crime charged, should be established by the Commonwealth, to the exclusion of reasonable doubt, as any other fact necessary to make out the crime.

If we were in any doubt as to the correctness of the court's ruling we would nevertheless approve it on the authority of the decisions and long practice in this State. In the case of Graham v. Commonwealth (16 B. M., 587), 1855, the law was announced as in the instruction by the court below, and that case has been followed by Smith v. Commonwealth (1 Duvall, 224), by Brown v. Commonwealth (14 Bush, 401), and many others. But we have no doubt that the ruling is correct on principle.

The Criminal Code, section 172, authorizes three pleas to an indictment: guilty, not guilty, and former conviction or acquittal, but it does not restrict the defenses that may be made to the specifications of that section. The plea of not guilty puts in issue every fact necessary for the Commonwealth to establish in order to a conviction, and as to all those facts or issues the burden of establishing them by proof that excludes reasonable doubt remains with the Commonwealth; but when the accused relies upon some separate matter of defense, not embraced in those issues, the burthen

of proof to establish such matter is on the accused.    Contrary, however, to the statement in Payne v. Commonwealth (1 Met., 376), that such pleas must be established to the satisfaction of the jury, *beyond a reasonable doubt,* we are clearly of the opinion that the accused is only required to establish such defenses by a preponderance of the evidence as in civil cases, because such evidence necessarily creates a doubt as to the guilt of the accused, which always entitles to an acquittal, no matter what issues are presented or how presented.    If, then, existence of sanity is not a matter put in issue by the plea of not guilty and is a separate defense, independent of the main charge, the burthen of proof to establish it, to the extent of a preponderance of evidence, is on the accused.    Every man being presumed to be sane like the presumption of innocence, such presumptions must continue until overthrown—in the first instance by a preponderance of evidence introduced by the accused, and in the other by evidence for the Commonwealth so strong in its character as to exclude all reasonable doubt.    What the law presumes to exist need not be alleged or proved, as, for instance, sanity; but whatever is not presumed to exist, and is essential to complete the charge, must be alleged and proved. This is not, as insisted by counsel, analogous to the law requiring malice to be proved by the Commonwealth as any other fact essential to conviction.    Both malice and sanity are essential ingredients in the crime of murder, but the one is not presumed by the law to exist, and the other is.    The law of this State is well established that malice is not to be presumed, but must be established by proof as any other fact entering as an element into the crime of murder.    (Farris v. Commonwealth, 14 Bush, 365; Buckner v. Commonwealth, 14 Bush, 602, and Trimble v. Commonwealth, 78 Ky., 176.)

This view as to the burthen of proof, and as to the amount of proof necessary to sustain the defense of insanity, appears to be entertained by the courts of last resort in the States of Alabama, Arkansas, California, Iowa, Maine, Massachusetts, Missouri, North Carolina, Ohio, Pennsylvania, Texas, and Virginia, in addition to this State. (Coyle v. Commonwealth, S. C. Penn.; Am. L. Reg., vol. 22, No. 3, p. 191, and cases cited in note.)

We deem it unnecessary to answer in detail the objections made by counsel to the admission of testimony, for the reason that in every instance where there was error in the admission of testimony, it was of such character as not to affect the substantial rights of appellant.

Judgment affirmed.