## OF THE

# COURT OF APPEALS OF KENTUCKY.

89   143
f123   20

---

### SEPTEMBER TERM, 1889.

---

CASE 21—INDICTMENT—SEPTEMBER 26, 1889.

## Commonwealth vs. Jarboe.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. INDICTMENT FOR PERJURY—SURPLUSAGE.—Facts being averred in an indictment for perjury, showing that the defendant was sworn in the usual form, the additional averment that he took his " corporal oath " was mere surplusage, and not necessary to be proved, even if that term is to be interpreted as anciently understood.
2. " CORPORAL OATH."—The terms " corporal oath " and " solemn oath " are now to be understood as synonymous.
3. A WITNESS IS TO BE SWORN IN SUCH FORM AS HE CONSIDERS BINDING on his conscience; but if a witness is, without objection, sworn in the usual form, it should be presumed that the mode conforms to his conscience, and he can not thereafter plead his scruples as a defense to a charge of perjury.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLANT.

The allegation in the indictment that defendant took his " corporal oath " was mere surplusage, and not necessary to be proved. (Commonwealth v. Howard, 3 Met., 408; Robinson v. Commonwealth, 16 B. M., 615.)

FINLEY SHUCK OF COUNSEL ON SAME SIDE.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The averment in this indictment for perjury is, that "the said Robert Jarboe did then, before the court aforesaid, take his *corporal* oath, and was then duly sworn by the said court and clerk thereof, that the evidence he, the said Robert Jarboe, should give to the court and jury, sworn between the parties aforesaid, touching the matters in question in the said issue, should be the truth, the whole truth and nothing but the truth."

Upon the trial it was proven by the clerk, who administered the oath, that the accused was with uplifted right hand sworn by him: "You do solemnly swear that the evidence you give in the case now on trial shall be the truth, the whole truth and nothing but the truth, so help you God;" to which the witness responded affirmatively.

The lower court held that this was not a *corporal* oath as charged in the indictment; and, at the conclusion of the testimony for the State, instructed the jury peremptorily to acquit the accused, which they did, and the Commonwealth now asks the ruling of this court that the law may, in the future, be properly administered.

The objection that the oath, as shown to have been taken, was not a corporal one, would, if true, be hypertechnical.

If so, yet there was no material variance between the averment in the indictment and the evidence, because it was not only stated in it that the witness took his corporal oath, but that he was sworn in the mode common to our courts.

It is true the material averments of an indictment must be proven substantially as charged; but the reason for this is that the accused may have notice and opportunity to prepare his defense.

When, however, the reason of a rule fails, it must also fail. The averment that the accused took his corporal oath and was sworn to tell the truth, the whole truth and nothing but the truth, certainly notified him that, upon the trial, the Commonwealth would attempt to prove that he was sworn to tell the truth; and the statement that he took "his corporal oath" was unnecessary and immaterial.

The taking of a corporal oath, as anciently understood, was unnecessary to the commission of the offense. It was complete, as stated in the indictment, without it. If an indictment for unlawful shooting merely were to charge that it was done maliciously, it would be unnecessary to prove any malice to support the indictment, because it is not necessary to constitute the offense. It is complete without it. The charge of malice would be merely surplusage. So was the charge that the witness took his corporal oath, it being averred that he was sworn in the usual form.

The manner of taking an oath is not material in the absence of express statute. All authorities agree that a witness is to be sworn in such form as he considers binding on his conscience.

What is termed a corporal oath was anciently administered by touching the cloth that covered the consecrated elements, or, as some suppose, from the fact that the party taking it was required to lay his

hand upon the Bible ; but a corporal oath, as latterly understood, means merely a solemn oath, although the name is derived from the ancient usage just mentioned.

In Jackson v. The State, 1 Ind., 184, it was held that the terms "corporal oath." and "solemn oath" are now to be understood as synonymous.

Wharton says : "The oath must be solemnly administered, but it is immaterial in what form it is given, if the party at the time professes such form to be binding on his conscience . * . * * 'Corporal oath' and 'solemn oath' are equivalent, and either is sustained by proof of swearing with uplifted hands." (2 Wharton's Crim. Law, secs. 2205-6.)

Our statute does not provide any particular form of oath. It, however, plainly recognizes the view above taken, and the modern liberal and reasonable rule, which requires that the mode of swearing shall conform to the conscience of the party by providing : "The word 'oath' shall be construed to include an affirmation in all cases in which an affirmation may be substituted for an oath, and in the like cases, the word 'sworn' shall be construed to include the word 'affirm.'" (Gen. Stat., chap. 21, sec. 6.)

If a witness is sworn without objection by him in the way usual to a court, it should be presumed that the mode conforms to his conscience. He may point out the form, and if he does, it must be followed, and he may be indicted for perjury upon it ; but if he fails to make known his particular scruples of conscience, and is sworn in the ordinary and usual way, he must be regarded as making his election, and he cannot thereafter plead his scruples as a defense to a charge of perjury. (2 Phillips on Evi., page 872.)

The averment that the witness took his corporal oath was unnecessary. The indictment in this respect was complete without it ; but, in any event, it should be regarded as meaning merely that he was solemnly sworn.

The accused has been acquitted. He cannot, of course, be tried again ; but it is ordered that this opinion be certified to the lower court as the law of the case.