Case 3.—PROSECUTION AGAINST HARRY BROWN 'FOR WILFULLY CERTIFYING TO AN IMPROPER CERTIFICATE OF ELECTION.—May 16.

## Commonwealth v. Brown.

Appeal from Jefferson Circuit Court, Criminal Branch.

JOSEPH PRYOR, Judge.

Defendant acquitted and Commonwealth appeals.

Opinion certified.

1. Elections—False Certificate of Returns—Officer of Election—Irregularity in Appointment—Defense—In a prosecution against an election officer for knowingly and willfully certifying to an improper and false certificate of the election, under Kentucky Statutes, section 1585a, it matters not whether the defendant was properly or regularly appointed as such officer; if he acted as such and acted corruptly he can not avail himself of any irregularity in his appointment in his defense.

2. Indictment—Allegations—Sufficiency—An indictment against an election officer for knowingly and willfully certifying to a false election return under Kentucky Statutes, section 1585a, which fails to allege that he was such officer, but that he pretended to act as such officer is defective, and a demurrer thereto should have been sustained. This statute was enacted to punish officers who act corruptly in holding and certifying the result of legal elections, and not to punish mere pretenders for holding pretended elections.

3. Same—Variance—Trifling Mistakes—An indictment for making a false certificate of an election return is not defective for a variance where the certificate shows that E. G., a candidate for mayor, did not receive a vote, while the original showed that he received one vote, and where the certificate showed 240 votes voting no on a certain question, when the original showed 340 votes voting no. Such mistakes were trival and not material, and could not in any way have misled the defendant in making his defense.

4. Evidence—Failure to Prove Signature—Peremptory Instruction—Where on the trial of one indicted for making a false certificate of election returns, there was a failure to prove that the

Commonwealth v. Brown.

defendant signed or authorized any one to sign the certificate for him, or that the signature thereto was his signature or even resembled it, the lower court properly instructed the jury to find the defendant not guilty.

LOUIS B. WEHLE for appellant.

## POINTS AND AUTHORITIES.

An indictment under section 1585a, subsection 12, of an officer of election for knowingly and wilfully certifying to an improper certificate of election.

1. The correct apointment of the defendant as an officer of election is sufficiently averred by the words "duly, under and in accordance with, the laws of Kentucky." (Wharton on Criminal Law, Secs. 2797, 2515, 2533; Commonwealth v. Duff, 87 Ky. 498; Encyc. of Pl. and Prac. "Public Officers;" U. S. v. Morrisy, 32 Fed. 147; In re Coy, 31 Fed. 794; Am. Digest, Century Ed. Vol. 18, "Elections," Sec. 359; Commonwealth v. Thompson, 13 B. Mon. 159.)

2. The averment that the defendant "pretended" to act in pursuance of such an appointment, is sufficient to describe him as an officer of election, under the Statute. (Wharton on Criminal Law, Secs. 2515, 2533, 2797; McClain on Criminal Law, Sec. 912; Commonwealth v. Pate, 110 Ky. 468; Ky. Statutes, Sec. 1591.)

3. Upon the trial of an officer of election, under section 1585a, Sub-section 12, for knowingly and wilfully certifying to an improper certificate of election, a variance of two figures between the certificate, which was a very long one, and the copy of the certificate set out in the indictment, not being a material variance, was not a fatal variance, and, therefore, not properly a ground for a peremptory instruction to the Jury to find the defendant not guilty.

EDWARDS & OGDEN for appellee.

## POINTS AND AUTHORITIES.

In an indictment for certifying to an improper certificate of election, a motion to instruct the jury peremptorily to acquit the defendant was properly sustained.

1. Because the indictment was not sufficient to sustain a conviction. (Section 1585a, sub-section 12 of the Kentucky Statutes; 2d McClain on Criminal Law, Sec. 950; Commonwealth v. Maddox, 17 K. L. R. 557.)

2. Because the evidence was not sufficient to take the case to the jury.

Commonwealth v. Brown.

3. Because there was a fatal variance between the allegation and the proof. (Commonwealth v. Harrison, 17 K. L. R., 343; Brown v. People, 66 Ill. 344; 1st Wharton on Criminal Law, 10th Ed., Sec. 737; Underhill on Criminal Evidence, Sec. 421; States v. Fay, 65 Mo. 490-494; Burress v. Commonwealth, 27th Gratt (Va.), 934-944; State v. Lane, 80 V. Car, 407; State v. Woodrow, 56 Kan. 217; Words and Phrases Judicially Defined, Vol. 8, 6915; McDonald v. State, 24 S. W. 105, 58th Ark. 242; Commonwealth v. Wright, 55 Mass. (1st Cush.) 46 and 65; Dana v. State, 2d Ohio State 91; Edgerton v. State (Texas), 70th S. W. 90; State v. Bonnie, 34th Mass. 383; Fog. v. State, 17 Tenn. 392; State v. Fullens, 81 Mo. 387-392; Commonwealth v. Stevens, 1st Mass. 203; 2d A. & E. Enc. of Law, Vol. 28, page 46; State v. Atkins, 5th Black. (Ind.) 458; Thomas v. State, 103 Ind. 426; State v. Townsend. 86 N. C. 679, Code Sec. 131, 133 and 134, , 97 Ky. 310.)

OPINION BY JUDGE NUNN—Certifying the Law.

The appellee was indicted and tried for the violation of section 1585a of the Kentucky Statutes of 1903, which reads as follows: "Any officer of the election who shall knowingly and willfully give or certify to an improper certificate of the election as herein required, or shall mutilate or tamper with any of the seals or destroy or remove any of the ballots required to be preserved herein, shall be guilty of felony, and upon conviction thereof shall be confined in the penitentiary for a period of not less than one nor more than three years." The effort to convict him was for knowingly and willfully certifying to an improper certificate of the election, held on November 7 1905, in the Twenty-Eighth precinct of the Twelfth Ward in the city of Louisville.

The indictment is very lengthy. The alleged certificate is copied in full in the indictment. The substance of the charge is that "one Alex. Metz, who was then and there pretending to be acting as clerk of election in the said place, to wit, a place on Duncan street between Twenty-Third and Twenty-Fourth streets in the said precinct, wrote the names of the said duly qualified and legal voters upon stubs of the ballot book then and there used by him, making it

appear as if the said duly qualified and legal voters had actually and legally been given ballots for the purpose of voting them; that the ballots which the said Alex. Metz detached from the stubs upon which he had so written were fraudulently put into the ballot box as if they had been legally cast; that the said duly qualified and legal voters were thus recorded, as if they had legally voted, when in fact they did not vote." It was further alleged in substance that appellee, Harry Brown, was appointed to serve as judge of the election in that precinct, and pretended to act as such judge. He did then and there knowingly and willfully certify to an improper certificate of election purporting to be a correct and proper certificate of election when it was false and untrue. In other words the indictment charges appellee with being a pretended officer at that election, and that Metz was a pretended clerk, who took ballots from the ballot book, and voted them, writing the names of legal voters of the precinct on the stub-book making it appear that they had voted when in fact they had not, and in this way padded the ballot box with illegal votes, and that appellee certified these votes as legal when he knew they were not. The appellee demurred to this indictment and the court overruled the demurrer.

It is claimed by the appellee that the demurrer should have been sustained for two reasons: First, because it was not alleged that the appellee was properly appointed as an election officer for that precinct. Second, for the reason that it was not alleged that he did act as an officer at the election. We cannot agree with appellee's contention upon the first proposition. It matters not, in a prosecution like this, whether the appellee was properly or regularly appointed as an officer of the election; if he acted as an officer at a legal election, and acted corruptly he cannot avail himself of any irregularity in the appointment in his defense.

Upon the second proposition we are of the opinion that the indictment was defective. It was not alleged that appellee did act as a judge at that election. The allegation is in effect that he pretendedly acted as such. The statute was enacted to punish officers who acted corruptly in holding and certifying the result of legal elections. It was not intended to punish mere pretenders for holding pretended elections. The appellee was put upon his trial under this indictment, and when the Commonwealth's proof was heard the court gave a peremptory instruction to the jury to find for the appellee, and the Commonwealth has appealed. The result of the appeal cannot affect the appellee, as he stands acquitted of the offense by the verdict of the jury; but the Commonwealth desires to have the legal questions, which arose during the trial, reviewed, and certified for guidance for future prosecutions under this section of the statute. Upon the trial the Commonwealth introduced the stubbook alleged to have been used at the precinct named, and also the alleged original certificate of the result of the election, and upon comparison of this certificate with the one copied in the indictment it was discovered that there was a discrepancy or variance between them. The one copied in the indictment showed that Emil Guth, a candidate for mayor. did not receive a vote, the original showed he received one vote. The one copied in the indictment showed 240 votes voting "No" on the question fiscal court when the original certificate showed 340 voting "No." In all other respects they were alike. It appears from the record that the court based its reasons for giving the peremptory instruction upon these two discrepancies, considering the same as material and a fatal variance. The certificate as copied in the indictment shows that there were professedly more than 100 persons voted for, and questions voted on, at the election, and the only discrepancies between it and the original were the failure to show

1 vote for Guth, and placing the figure "2," where it should have been a "3" as stated.

The question is: Was this a fatal variance? Section 108, 3 Greenleaf, is as follows: "The writing when produced or proved must agree in all essential respects with the description of it in the indictment; a material variance, as we have heretofore seen, being fatal." In volume 22 of Ency. Pleading & Practice, p. 551, it is said: "Variances are regarded as material in criminal cases only when they mislead the defendant in making his defense, and may expose him to the danger of being again put in jeopardy for the same offense." The author, to sustain the text, cites many decisions from several states and one from Kentucky, viz: Commonwealth v. Jarboe, 89 Ky., 143, 11 Ky. L. R., 344, 12 S. W., 138. The case of Sutton v. Commonwealth, 97 Ky., 310, 17 Ky. L. R., 184, 30 S. W., 661, also sustains this principle. The charge in the indictment under consideration was that appellee had made a false or improper certification of an election, by knowingly certifying to more votes than had been cast. The mistakes referred to were trivial and not material. They could not, in any way, have mislead the appellee in making his defense, and a conviction or acquittal under this indictment could not have exposed him to the danger of being again put in jeopardy for the same offense.

But the action of the court in giving the peremptory instruction was correct, for the reason the commonwealth did not introduce any evidence incriminating the appellee. The commonwealth introduced a witness, who stated that he was the superintendent of the vaults of the Columbia Finance & Trust Company, who produced what was represented to be the original certificate of the election, and the stub-books. He stated that they were placed with the trust company, for safe-keeping, by an agreement of

Commonwealth v. Brown.

the parties to some civil suit; that he could not remember the style of the action. There was no proof introduced showing that he was the legal custodian of these records. The clerk of the county court was not introduced, nor were any of his deputies, to show that these records were returned to his office and custody after the election, as provided by statute, nor how they were taken from his possession. However, the greatest oversight of all was in failing to prove that the appellee signed or authorized any one to sign for him the certificate. There was not any proof to show that appellee made it or ever saw it before the day of trial; nor was there any attempt to prove that the name of the appellee, attached to the certificate, was his signature, or even resembled it. Under these circumstances, the court properly directed the jury to find for the appellee.

This opinion is certified as the law of the case.

Petition for rehearing by appellant overruled.