CASE 112.—PROSECUTION AGAINST MORRISON WILCOXIN FOR MURDER.—June 17, 1910.

## Wilcoxin v. Commonwealth.

Appeal from Barren Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Defendant convicted and appeals.—Reversed.

Homicide—Instructions—Insanity—"Satisfied."—In a prosecution for homicide, an instruction on insanity recited that although the jury might believe from the evidence, to the exclusion of a reasonable doubt that defendant shot and killed deceased, yet, if they were "satisfied" from the evidence that at the time of the shooting defendant was suffering from mental disease, and because thereof he did not know right from wrong, etc., then they should acquit. The only other instructions given related to murder, manslaughter, and reasonable doubt. Held, that the instruction was erroneous, in the use of the word "satisfied," as requiring of accused too high a degree of proof, and placing the burden of establishing insanity by a preponderance of the evidence on him.

Wilcoxin v. Commonwealth.

ALLEN SANDIDGE and PORTER & SANDIDGE for appellant.

JAMES BREATHITT attorney general, TOM B. McGREGOF assistant attorney general, DUFF & HUTCHERSON and BAIRD RICHARDSON & SUMMERS for the Commonwealth.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

When put upon his trial for the murder of John Montgomery, the only defense made by the appellant Wilcoxin, was at the time he committed the deed he was insane, and the only errors that we need notice upon this appeal are the ones relating to the ininstructions upon this subject given and refused by the court.

The instructions complained of reads as follows: "Although you may believe from the evidence to the the exclusion of a reasonable doubt that the defendant, Morrison Wilcoxin, shot and killed J. W. Montgomery, yet if you are satisfied from the evidence that at the time he shot said Montgomery the defendant was suffering from mental disease or from natural feebleness of mind, and that because of said mental disease or natural feebleness of mind he did not know right from wrong, or if he did know right from wrong that said defendant by reason of mental disease or natural feebleness of mind had not sufficient will power to control his actions, you should find him not guilty on the ground of insanity; but, if you find him not guilty on the ground of insanity, you should state in your verdict the ground of acquittal." In addition to this instruction, the only instructions that the court gave were the ones usually given upon the subject of murder, manslaughter, and reasonable doubt. The objection to the instruction is confined

to the use of the word "satisfied." If the court should have used the word "believe" in place of the word "satisfied," we are of the opinion that the instruction was so prejudicial as to constrain us to grant a new trial. The precise question now under consideration has been considered so frequently by this court that it would be unprofitable to restate the reasons so often urged for and against the use of the word "satisfied" in an insanity instruction. But, for the purpose of definitely settling the law, we will briefly review the cases in which this question was presented.

In Graham v. Commonwealth, 16 B. Mon. 587, the court approved the use of the word "satisfied" in an insanity instruction, but other instructions were given that modified in some degree at least the meaning of this word. In Scott v. Commonwealth, 4 Metc. 227, 83 Am. Dec. 461, the jury was authorized to acquit if they "believed" from the evidence that the accused was of unsound mind. In Smith v. Commonwealth, 1 Duv. 224, and Kriel v. Commonwealth, 5 Bush, 362, it was in effect held that, as sanity is always presumed, the jury should be "satisfied" of the insanity of the accused by "a preponderance of the evidence" before they could acquit him. In Brown v. Commonwealth, 14 Bush, 398, the trial court used the word "satisfied" in the instruction presenting the defendant's plea of insanity, and counsel for the accused insisted that the use of this word was prejudicial, "because it required the jury to disregard the plea of insanity, unless the evidence was such as to free their minds from doubt as to whether it was of such a character as under the instructions would authorize an acquittal; that they were told by that expression that the existence of a reasonable doubt as to the sanity or insanity of the appellant

would not justify an acquittal upon the ground of insanity." In answer to this the court said: "That instruction standing alone is probably subject to that objection, but, when taken in connection with the other instructions, it does not appear that the jury could have been misled by it." In Ball v. Commonwealth, 81 Ky. 662, we find this: "The instruction of the court below placed the burden of establishing insanity, by preponderance of evidence, upon appellant, while it is contended that sanity, being an essential element in the crime charged, should be established by the commonwealth, to the exclusion of reasonable doubt, as any other fact necessary to make out the crime. If we were in any doubt as to the correctness of the court's ruling, we would nevertheless approve it on the authority of the decisions and long practice in this state. In the case of Graham v. Commonwealth, 16 B. Mon. 587, the law was announced as in the instruction by the court below, and that case has been followed by Smith v. Commonwealth, 1 Duv. 224, by Brown v. Commonwealth, 14 Bush, 401, and many others. But we have no doubt that the ruling is correct on principle." In Cotrell v. Commonwealth, 17 S. W. 149, 13 Ky. Law Rep. 305, the court said: "The jury were told, in substance, that the law presumes every one to be sane; but if they were 'satisfied' by a preponderance of the evidence that when the accused did the killing, if he did do it, he was not of sound mind, they should acquit him. It is said that the word 'believe' should have been used instead of 'satisfied'; that the latter is too strong a word, was misleading, and that the jury were thereby virtually told that the existence of a reasonable doubt in their minds as to the sanity of the accused would not authorize an acquittal. It

was, however, qualified, we think, by their being told
that they were to be satisfied or governed by 'a pre-
ponderance' of the evidence in arriving at a conclu-
sion as to his sanity." In Smith v. Commonwealth,
17 S. W. 868, 13 Ky. Law Rep. 612, the instruction
read: "The presumption of law is that he was sane,
and this presumption is to remain and continue un-
less the contrary is shown by the evidence to the
satisfaction of the jury, and before the accused can
be acquitted on the ground of insanity, the jury
should believe, from the evidence, that * * *." In
discussing the objection made to the use of the word
"satisfaction" in this instruction, the court, after
stating that it was modified by other words used in
the instruction, said: "The jury must have under-
stood that it was their duty to acquit the accused if
they believed from the evidence he was insane at the
time of the killing." In Phelps v. Commonwealth, 32
S. W. 470, 17 Ky. Law Rep. 706, the use of the words
"preponderance of the evidence" in the insanity in-
struction were held not objectionable.

In Hays v. Commonwealth, 33 S. W. 1104, 17 Ky.
Law Rep. 1147, the plea of insanity was interposed
as a defense to an indictment charging the accused
with the offense of housebreaking, and the court said:
"If this case should be retried, it would be proper to
say to the jury that if satisfied from the evidence the
accused at the time of the alleged offense was an im-
becile, or of such weak mind as that he did not know
right from wrong, * * * they should acquit.
him." In Moore v. Commonwealth, 92 Ky. 630, 18
S. W. 833, 13 Ky. Law Rep. 738, the jury were told
that: "The law presumes the defendant at the time
he committed the act, if he so did, of sound mind;
and, unless the jury believe from 'a preponderance

of the testimony' that at that time he was of a sound mind, * * * the law is for the defendant, and the jury should so find." In Portwood v. Commonwealth, 104 Ky. 496, 47 S. W. 339, 20 Ky. Law Rep. 680, the jury were told that they should find the defendant guilty "unless they believe from the evidence that at the time of such shooting, if there was such, the defendant was of unsound mind, in which event the jury should find the defendant not guilty." In answer to the criticism that the jury should have been instructed "that before they could convict they must believe, to the exclusion of a reasonable doubt, that the accused was at the time he committed the act of sound mind," the court cited with approval the following statement from the Graham case, supra: "This principle of requiring clear and satisfactory evidence in support of the defense of insanity thus appears to be recognized and adopted in England and this country, and not to have been regarded as conflicting with the principle which deems every man innocent until the contrary is shown beyond a rational doubt. It is based upon the legal and obviously necessary presumption of sanity, and in our opinion it is a safe rule, founded in reason and in good policy, sanctioned by experience and authority, and should not be departed from. That case was followed and approved in Brown v. Commonwealth, 14 Bush, 398, and the doctrine thus settled has not been since questioned." In Abbott v. Commonwealth, 107 Ky. 624, 55 S. W. 196, 21 Ky. Law Rep. 1372, the court said that the jury should have been instructed that, if they "believe from the evidence that at the time of the killing the defendant was of unsound mind, then they should acquit him." In Jolly v. Commonwealth, 110 Ky. 190, 61 S. W. 49, 22 Ky. Law Rep. 1622, 96 Am.

St. Rep. 429, the word "believe" was used with the approval of the court.     To the same effect is Mc-Carty v. Commonwealth, 114 Ky. 620, 71 S. W. 656. In Wright v. Commonwealth, 72 S. W. 340, 24 Ky. Law Rep. 1838, the jury were told in effect: "While insanity was a defense, it was incumbent upon the defense to prove its existence to the satisfaction of the jury, and if, on the whole case, its existence was proven, it was their duty to acquit." In Mathley v. Commonwealth, 120 Ky. 389, 86 S. W. 988, 27 Ky. Law Rep. 785, the instruction approved read: "The court further instructs the jury that the law presumed every man sane until the contrary is shown by the evidence, and, before the defendant can be excused on the ground of insanity, the jury must believe from the evidence * * *."

These are the only cases decided by this court that we have been able to find in which the subject under consideration has been discussed, and it does not appear in any of them that an instruction using the word "satisfied," unless it was explained or modified by other instructions, has been approved. It is true that in a few of the cases the word "satisfied" and "satisfaction" appear, but in these cases there were other instructions that induced the court to say that the word "satisfied" when taken in connection with the other instructions really meant "preponderance of the evidence." But in this case there was no qualifying or modifying instructions given. The jury were simply told that, unless they were "satisfied" that the accused was of unsound mind, they should disregard his plea of insanity. From a consideration of all the cases, we conclude that neither the word "satisfied" nor the words "preponderance of the evidence" should be used in an insanity instruction. On

another trial in lieu of the instruction given, the court should give the following instructions upon the law of insanity, which were approved in Abbott v. Commonwealth, supra, and Mathley v. Commonwealth, supra:

"(A) Although the jury may believe from the evidence beyond a reasonable doubt that the defendant shot and killed the deceased, J. W. Montgomery, yet, if they further believe from the evidence that at the time of the killing the defendant was of unsound mind, then they should acquit him.

"(B) The law presumes every man sane until the contrary is shown by the evidence; and, before the defendant can be excused on the ground of insanity, the jury must believe from the evidence that the defendant was at the time of the killing without sufficient reason to know what he was doing, or had not sufficient reason to know right from wrong, or that, as the result of mental unsoundness, he had not then sufficient will power to govern his actions, by reason of some insane impulse which he could not resist or control."

For the error indicated the judgment is reversed.