## Sutton v. Commonwealth.

(Decided September 25, 1913).

## Appeal from Daviess Circuit Court.

1. Indictment—Sufficiency of Allegation—Larceny.—An allegation in an indictment that the defendant took a pocketbook and $110 in money from the person of A, is a sufficient allegation that the defendant took and carried away the property.
2. Judgment—When Should Not Be Reversed—Instructions—Variance.—The defendant was charged with stealing the property of Stuart Robbins. The proof showed that the property belonged to Stewart Roberts. The court in his instructions used the two names interchangeably, the defendant not having been mislead in any way, or prejudiced held, that the judgment should not be reversed.
3. Judgment—When Will Not Be Reversed—Evidence.—The circuit court having ruled out certain improper questions asked a witness, a reversal will not be had where the witness simply failed to prove the facts, which the Commonwealth Attorney sought to show.

LOUIS I. IGLEHEART for appellant.

JAMES GARNETT, Attorney General; D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Jennie Sutton was indicted in the Daviess Circuit Court, charged with grand larceny. On a trial of the case she was found guilty and the court having entered judgment upon the verdict, she appeals.

The first point made on the appeal is that the indictment is insufficient. It is charged in the indictment ment that the accused "feloniously took from the person of Stuart Robbins his pocket book containing more than $20 in lawful money of the United States; the ex-

act character and description of same being unknown to the grand jury; which pocket book and money was then and there the property of said Stuart Robbins and was then and there of greater value than $20; and this the defendant did without the consent of said Robbins, and intending to convert same to her own use and to permanently deprive said Robbins of his ownership and possession thereof." It is insisted that the indictment does not charge an asportation of the property. It is true it does not use the words "took and carried away," but it does use the words "took from the person of Stuart Robbins." If the defendant took the pocket book and money from the person of Stuart Robbins, she took and carried it away; for a removal of the pocket book from his person is a sufficient asportation to make out the offense. In Adams v. Commonwealth, 153 Ky., 88, a conviction was sustained where the defendant ran his hand in the pocket of another, although his hand was seized before the money was entirely removed from the pocket. A number of authorities on the subject are collected in that opinion.

It appeared on the trial that the person referred to was Stewart Roberts, and it is insisted that the variance was fatal. In Hensley v. Commonwealth, 1 Bush, 11, the defendant was indicted for stealing Stephen Daniels' hog. The proof showed that the hog was the property of Phillip Daniels. It was held that the prosecution could not be sustained. In McBride v. Commonwealth, 13 Bush, the defendant was charged with stealing the horse of W. F. Watson. The proof showed the horse belonged to Cassam Watson. It was held that the variance was fatal. On the other hand, in Bronaugh v. Commonwealth, 2 Ky. L. R., 286, it was held that where the name alleged in the indictment is *idem sonans,* the variance is not fatal; and this is a well settled rule. There is no doubt that Stuart and Stewart are *idem sonans.* Robin is only a diminutive of Robert, like Rob, Bob, Bobby, etc. (See Webster's Dictionary.) The tendency of modern decisions is to relax the rule and to hold the variance not fatal, where the names are similar in sound and the party was not in fact misled and could not reasonably have been misled. In this case the parties were all negroes; the spelling of negro names is very uncertain, especially where they cannot read or write. The court treated the two names as the same, using them as synonymous in his instructions. The

judgment will, therefore, bar another prosecution for stealing the property of Stewart Robbins. There had been an examining trial, and the defendant understood exactly what she was charged with. So there was no substantial error. The jurisdiction of this court in criminal cases is entirely statutory. Section 340 of the Code, provides:

"A judgment of conviction shall be reversed for any error of law appearing on the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."

Upon consideration of the whole record, we are satisfied that the substantial rights of the defendant, were in no manner prejudiced by the spelling of the name as Robbins, instead of Roberts, and that under the statute the judgment should not be reversed for this reason.

After the State had introduced its evidence, and the defendant had introduced her evidence, the State introduced in rebuttal Bertha Williams, and the Commonwealth attorney, over the objection of the accused, was allowed to ask her a number of questions which were incompetent; but at the conclusion of her testimony, the court ruled it all out. It is insisted that for this reason, a new trial should now be granted. There would be more force in this if the witness had testified to any facts affecting the defendant, but she answered in the negative the questions that were asked her, and when the court ruled out her entire testimony, we do not see that the defendant was in any worse position than she would have been if the court had refused to allow the witness to answer the questions when asked. We cannot presume that the jury were influenced by the unsuccessful effort of the Commonwealth attorney to prove certain facts by the witnesses, when the court at the conclusion of her evidence ruled out all the testimony.

Judgment affirmed.