## Cannon v. Commonwealth.

(Decided March 25, 1932.)

303

C. C. BAGBY, R. L. BLACK and CHARLIE MATHERLY for appellant.

BAILEY P. WOOTTON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Mrs. Myrtle Cannon, was indicted on January 30, 1931, by the grand jury of the Mercer circuit court, and charged with the offense of stealing

turkeys of the value of $2 or more,. as denounced by section 1201c of the Kentucky Statutes, providing that, "if any person shall steal chickens, turkeys, ducks, or other fowls of the value of $2, or more, he shall be confined in the penitentiary not less than one nor more than five years."

The indictment preferred against appellant is as follows:

"The Grand Jury of Mercer County in the name and by the authority of the Commonwealth aforesaid .accuse Myrtle Cannon of the crime of stealing turkeys (larceny), committed in manner and form as follows:

"The said Myrtle Cannon in the County and State aforesaid on the ———— day of December, 1930, and before the finding of this Indictment, did unlawfully and wilfully and feloniously take, steal and carry away two turkey hens which were of value and of greater value than two dollars, which were then and there the property of Mrs. T. G. Foster and T. G. Foster and in the possession of Mr. and Mrs. T. G. Foster, against the will and without the consent of said Fosters. . . ."

Before the trial of appellant at the February term, 1931, of the court, the commonwealth attorney "moved to dismiss the indictment in so far as it charges larceny from Mr. T. G. Foster," and the motion was sustained and thereupon "ordered that said indictment, in so far as it charges taking property from Mr. T. G. Foster, is now finally dismissed and thereupon the Court overruled the demurrer" and proceeded to trial, when the appellant was found guilty of the crime of grand larceny and her punishment fixed at one year in the state penitentiary, upon which sentence in conformity with the verdict was pronounced by the court.

The facts shown by the evidence are as follows:

It appears that on Saturday, December 20, 1930, at about 1 o'clock, the prosecuting witness, Mrs. T. G. Foster was riding to town with her family, consisting of husband, daughter, and little son, and, when about three miles from their home, they met the appellant in a car driven by her little son, going towards the Fosters'

home, in which vicinity they were seen by other witnesses.

The Fosters state they were gone about an hour and a half. On returning home, they found that two of Mrs. Foster's turkeys (a hen and a tom—gobbler) had been stolen while they were gone, that, after looking for and failing to find them, Mrs. Foster had her husband, T. G. Foster, the next morning go over to the Harrodsburg Ice & Poultry Company to inquire if her lost turkeys had been sold there. Here he found and identified them, as did also Mrs. Foster. Elmo Robinson, who was then in charge of the business, recalled that appellant had sold him two turkeys the day before for $7.50, and that each of them was worth about the same or over $3.

Appellant does not deny that she stole the turkeys, but defends by attempting to show that she was insane at the time, and not responsible for taking them.

Appellant urges in brief of counsel the following three grounds for reversal of judgment:

First, that the motion for a peremptory instruction should be sustained, because the commonwealth virtually dismissed the indictment, and because the proof showed that the property taken was not that of T. G. Foster.

Appellant contends that the court, in allowing the commonwealth to dismiss the indictment in so far as it charged the taking of turkeys from T. G. Foster, allowed thereby an amendment of the indictment, which rendered it a nullity, and, further, as there could be no partial dismissal of the indictment, such action resulted in its dismissal altogether, and therefore the trial of defendant thereunder, after such dismissal of it, unlawfully subjected her to trial for larceny without indictment charging her therewith. Therefore appellant contends that the action of the commonwealth's attorney, whether considered as a dismissal or as an amendment of the indictment, was in either event a reversible error. This statement alone of appellant's argument in itself goes far as a refutation of it and tends to show her claim as to this is without merit.

Under section 128 of the Criminal Code of Practice it is provided:

> "If an offense involves the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other

respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured, . . . is not material,"

—and also by section 243 thereof it is further provided that:

"The attorney of the Commonwealth, with permission of the court, may, at any time before the case is finally submitted to the jury, dismiss the indictment as to all or a part of the defendants, and such dismissal shall not bar a future prosecution for the same offense."

It would appear, from this discretionary right by this section given to dismiss an indictment as to one or all of the defendants, that it should reasonably be held to embrace and include the like discretionary right of the court to dismiss before trial an indictment in so far as it charged the taking of property from one of the parties described in the indictment as owner of part of the stolen property, as in the case at bar, especially when by section 128, supra, "an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken . . . is not material," if the offense be described in other respects with sufficient certainty to identify the act.

Appellant contends further that there was a fatal variance, in that the indictment charged the taking of two turkey hens as the then property of Mr. and Mrs. T. G. Foster, whereas the proof showed that the property taken was not such as described, but consisted of one turkey hen and one gobbler, of which Mrs. Foster was at the time of the stealing the sole owner, and that such variance was fatal and a reversible error, and in support of this contention cites and relies upon the case of McBride v. Commonwealth, 13 Bush 337, where it was held that, under an indictment for stealing the horse of W. F. Watson, the defendant cannot be convicted if the proof is that he stole the horse of Casson Watson. The court in its opinion, and by way of stating the principle of its ruling so made, said:

"In a case like this, where there is a variance in the proof and the averment as to ownership, it must prove fatal to the prosecution, unless the

offense be sufficiently described in other respects
with such certainty as to identify the act; and if, in
the present case, the horse had been minutely
described, so as to have identified it whether it
belonged to A or B, as the horse alleged to have been
stolen, the fact that the name of the owner had been
improperly stated would have been regarded as
immaterial.''

Like construction has been by this court given
section 128 of the Code in repeated cases coming before
it, but the principle therein employed, we are of the
opinion, in no wise supports the contention herein made
by appellant, for the reason that in the instant case the
appellant was tried and convicted for the stealing of two
turkey hens, or a turkey hen, at the time the property of
Mrs. T. G. Foster, when such fact was found upon the
evidence to be literally true, in that it was not found to
be the property of another other than the one in the
indictment described as its owner, to wit, Mrs. T. G.
Foster. In the case of Lowery v. Commonwealth, 191
Ky. 657, 231 S. W. 234, this court said:

"This court in Commonwealth v. Brown, 123
Ky. 20, 93 S. W. 605, 29 Ky. Law Rep. 434, approved
the rule as stated in 22 Encyclopedia of Pleading and
Practice, 551, that—

" 'Variances are regarded as material in crimi-
nal cases only when they mislead the defendant in
making his defense, and may expose him to the
danger of being again put in jeopardy for the same
offense.'

"To the same effect are Commonwealth v.
Jarboe, 89 Ky. 143, 12 S. W. 138, 11 Ky. Law Rep.
344; Sutton v. Commonwealth, 97 Ky. 308, 30 S. W.
661, 17 Ky. Law Rep. 184; Sutton v. Commonwealth,
154 Ky. 799, 159 S. W. 589. The cases of McBride v.
Commonwealth, 13 Bush 337; Carter v. Common-
wealth, 76 S. W. 337, 25 Ky. Law Rep. 688. . . . ''

Also in the case of Johnson v. Commonwealth, 87
Ky. 189, 7 S. W. 927, 928, 10 Ky. Law Rep. 100, the court
held that the purpose of naming the owner of the prop-
erty is to inform the defendant of the nature of the accu-
sation against him. In that case the court said:

"It is therefore material that the owner of the
property injured or taken should be described in the

indictment with no more precision or certainty than necessary to inform the accused of the actual offense charged against him, and to bar a second conviction therefor.''

It seems to us that the indictment in this case sufficiently described the property charged stolen and its ownership, and therefore we are of the opinion that the appellant's contention made upon this ground is trivial and cannot be sustained.

Appellant next urges that the instructions were erroneous, because it was therein stated that two turkey hens, or a turkey hen, were stolen and carried away, when the proof showed that a hen and gobbler were stolen, and also that, as the indictment charged the stealing of two turkey hens, the property of Mr. and Mrs. T. G. Foster, and the proof showed otherwise, that the court's instruction to the jury to find the defendant guilty, if it believed from the evidence that Myrtle Cannon stole and carried away two turkey hens, or a turkey hen, which were then and there the property of Mrs. T. G. Foster, constituted an error, alleging that such instruction continued the variance.

This complaint, too, we find to be without merit, and is sufficiently answered in the reasons above assigned for holding there was no material variance in the offense charged and that proven, and, inasmuch as this instruction given and complained of covered the evidence and conformed with the charge of the indictment, after the dismissal of such part of same as concerned the property of Mr. T. G. Foster, we conclude that same was correct.

Appellant also contends that instruction No. 2, which was given by the court in these words: ''Altho you may believe from the evidence beyond a reasonable doubt that the defendant stole the turkeys, as herein before set out, yet if you further believe from the evidence that the defendant was so intoxicated on a drug or drugs that she did not have the intention of stealing said turkeys you shall find the defendant not guilty,'' was erroneous, upon the ground that it ignored the proof introduced that the appellant was a lunatic, and therefore an instruction on insanity should have been given. In support of this position, appellant relies upon the case of Talbott v. Commonwealth, 10 Ky. Op. 153, in which it was held that:

''Where a defendant in a criminal prosecution has been adjudged insane by a judicial inquiry

shortly before the commission of the offense charged against him, and this is shown by the evidence, the burden of showing the sanity of the accused is on the prosecution, and it must prove that mental derangement had ceased to exist."

It is sufficient to distinguish this statement from the applicable rule herein upon the grounds that in the Talbott case it appears that the inquisition in which the defendant therein was adjudged insane had been held and such adjudgment made just prior to, or so shortly before, the commission of the offense as to justify the presumption of the continuance of such condition, whereas, in the instant case, adjudgment of the defendant to be insane as a drug addict was made not shortly, but some two years, before the commission of the larceny offense. Under these circumstances, the defendant having been, so far as the record goes, long released from the institution to which she had been committed as restored, she was presumed sane at the time of the charged commission of the larceny offense, and her defense of being insane at the time was a special plea, the burden of proof of which rested upon the defendant making it.

In the case of Terhune v. Commonwealth, 144 Ky. 370, 138 S. W. 274, 276, where the defendant was charged with robbing another of a watch, there was ample evidence that the accused and others were engaged in a drunken spree when the watch was taken, and this court held that defendant was entitled to the following instruction:

"Although you may believe from the evidence beyond a reasonable doubt that the defendant took the watch and other property of Allie Veach, yet if you further believe from the evidence that the defendant was so drunk that he did not have the intention of robbing said Veach, you will find him not guilty."

The evidence in the instant case tended to show that the defendant was a drug addict, and appellant's witnesses testified that she was at the time of the commission of the larceny charged under the influence of drugs to such an extent as not to know right from wrong nor have the power nor will to control her actions. The trial court covered this evidence by instruction No. 2, supra.

We are of the opinion that this instruction fully covered the right of defense made by appellant upon such ground, as the evidence introduced only tended to show that defendant was an occasional user of drugs and patent medicines, causing at such times only functional rather than organic mental disturbance.

The rule as to the proper instruction to be given upon an insanity plea was discussed and well set out in the case of Moore v. Commonwealth, 92 Ky. 630, 18 S. W. 833, 834, 13 Ky. Law Rep. 738, as follows:

"As the accused is presumed to be sane, there must be sufficient evidence to overturn this presumption. Having done the wrongful act, he says, 'I am irresponsible.' The plea is a special one, and should at least be supported by evidence upon his part sufficient to create the belief of its truth in the minds of the jury. This is necessary to rebut the presumption of sanity, and to the proper protection of society. While the mind revolts at the idea of punishing an irresponsible being, yet leniency should not go so far as to endanger the security of the public. The plea of insanity is peculiarly open to abuse. It is often resorted to in extremity. It opens a wide range of inquiry. Facts to support it are easily manufactured. It invites the jury into a field of speculation, where they are likely, by means of conflicting expert testimony and opposing and uncertain opinions, to become lost in doubt and confusion, and their verdict often a matter of mere conjecture. It seems to us, therefore, that it is a safe rule, founded both in reason and sound policy, as well as sanctioned by observation and judicial authority, to place the burden of showing insanity upon the party who relies upon it to shield him from punishment for his wrongful act. The examination we have made shows this to be the rule in a majority of the states of the Union, and in this state it may now be regarded as the settled rule, as will be found by an examination of the cases of Kriel v. Com., 5 Bush 372; Brown v. Com., 14 Bush. 398; Ball v. Com., 81 Ky. 662; and Kaelin v. Com., 84 Ky. 354, 1 S. W. 594 [8 Ky. Law Rep. 293]."

In harmony with this announcement of the rule, we are of the opinion that the defendant failed in the proof introduced by her to overcome the presumption of her

sanity at the time of the commission of the offense, since, to successfully plead insanity as a defense, it must be shown to exist, as stated, at the time the act was committed. See Banks v. Commonwealth, 145 Ky. 811, 141 S. W. 380; Arnold v. Commonwealth, 194 Ky. 421, 240 S. W. 87, 90; Vaughn v. Commonwealth, 204 Ky. 229, 263 S. W. 752, 759; Miller v. Commonwealth, 236 Ky. 448, 33 S. W. (2d) 590, 592. While there was some evidence that appellant was at the time of committing the offense drunk because of the use that day of opiates or from drinking some sort of patent medicine, the proof yet fails to show more, and we are of the opinion that the court properly instructed the jury as to her defense of drunkenness in giving instruction No. 2 complained of, which being more favorable than she was entitled to have given, she cannot now claim prejudice from its being given.

Appellant's final complaint is that the verdict is flagrantly against the evidence and not sustained by the evidence. In response to this, it is enough to say that it is a well-established rule that the plea that a verdict is against the evidence is not grounds for reversal, if there is any evidence to support the verdict (Commonwealth v. Hall, 38 S. W. 498, 18 Ky. Law Rep. 783), nor will the court, if the evidence is conflicting under ordinary circumstances, review the finding of a jury in a criminal case if there is nothing in the record tending to show that defendant did not have a fair trial (Jones v. Commonwealth, 158 Ky. 533, 165 S. W. 673), nor will the court disturb a verdict in a criminal case, unless the same is palpably against the evidence (May v. Commonwealth, 164 Ky. 109, 175 S. W. 17; Wells v. Commonwealth, 195 Ky. 740, 243 S. W. 1015).

In the case at bar, we are of the opinion that there was ample evidence before the jury conducing to show the guilt of the accused. Finney v. Commonwealth, 190 Ky. 536, 227 S. W. 999; Cloninger v. Commonwealth, 191 Ky. 841, 231 S. W. 535.

A careful study and consideration of the record in the case at bar induces us to conclude, without needlessly extending this opinion by a recital herein of the evidence, that appellant's contention that the verdict is flagrantly against the evidence and not sustained by it is also without merit and cannot be sustained.

Therefore, it appearing that the trial court gave the appellant a fair trial, and that there is nothing in the

record showing any error committed to the prejudice of her substantial rights, it is ordered that the judgment appealed from be affirmed.