James Leon PIERCE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 17, 1966.

Stuart L. Lyon, David Kaplan, James N. Webb, Louisville, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

James Leon Pierce appeals from a judgment which sentenced him to imprisonment for two consecutive five-year terms pursuant to a verdict finding him guilty of storehouse breaking and carrying concealed a deadly weapon. The sole ground of error relied upon is that Pierce's constitutional rights were violated by the giving to the jury of an oath concluding with the words "So help me God." Pierce objected in advance to the form of the oath and subsequently moved to discharge the jury. However, no juror objected to the form of the oath.

The Rules of Criminal Procedure do not set forth the form of oath to be given the jury in criminal cases, but merely provide, in RCr 9.42, that the "jury shall be sworn to try the issue." Section 217 of the former Criminal Code of Practice did prescribe the form of oath, but it did not include the words "So help me God." The oath prescribed by KRS 29.300 to be given the jury in *civil* cases does not contain those words. It appears, therefore, that any use of the words in administering oaths to juries in Kentucky has been attributable to a tradition, either actual or imagined, in the particular court. We have no idea to what extent the use of the words in question is common throughout the state.

■ Certain things are clear. First, there is no requirement by our constitution, statutes, or rules, that the oath to a jury contain the words "So help me God" or any other reference to God. Second, any person, including a juror, has the privilege of substituting an affirmation for an oath. See KRS 454.170; Commonwealth v. Jarboe, 89 Ky. 143, 12 S.W. 138. Third, there could be no violation of constitutional guaranties of religious freedom by demanding that a person, *if he does believe in a God,* invoke that belief as a guaranty of truth rather than merely declaring a recognition of the sanctions of a perjury prosecution. Fourth, the use of the words "So help me God" in the juror's oath does not mean that the juror will decide the issues the way he thinks God would want them decided, but only that the juror will, as God is his witness, decide the issues according to the evidence. Fifth, if perchance a juror not believing in a God should take the oath containing the words in question, without voicing any objection, the effect could not be that the juror was under no sanction at all, but that he was subject only to the perjury sanction.

■■ It has been held by this Court that if a person being sworn makes no objection to the form of the oath it will be presumed that the form conforms to his conscience. Commonwealth v. Jarboe, 89 Ky. 143, 12 S.W. 138. We think this is an entirely reasonable presumption, and it would not be reasonable to require of the officer administering the oath that he first ask each oath taker whether the form is satisfactory.

■ Since in the circumstances here presented no juror was compelled to take a particular form of oath against his will, no one was excluded from jury service for any reason related to the oath, and no religious qualification was imposed on jurors, we do not see how the appellant could possibly claim that his rights were violated.

The Maryland situation dealt with in Schowgurow v. State, 240 Md. 121, 213 A.2d 475, was entirely different. There the Maryland Constitution required a decla-

ration of belief in the existence of God as a qualification for jury service. Persons not making that declaration were excluded from jury service. Not so here.

The judgment is affirmed.