JUDGE ERYOR
delivered the opinion op the court.
It is alleged that on the — day of December, 1876, and prior to the finding of the indictment, the accused “ feloniously took and carried away one borse, then and there the personal *338 property of "W. F. Watson, against the peace and dignity of the commonwealth of Kentucky.”
The indictment is for horse-stealing, under sec. 2, of art. 11, General Statutes, which provides, “If any person shall steal a horse, mule, jack, or jennet, he shall be confined in the penitentiary not less than two nor more than ten years.”
The charge that he feloniously took a horse, the personal property of another, naming him, is sufficiently specifie and descriptive of the offense, and of the act constituting the offense. A verdict and judgment under an indictment of this description would bar a prosecution under any other indictment charging the party with larceny in taking a horse from 'the party named prior to the indictment under which a verdict and judgment had been rendered.
The proof in this case shows, however, that the horse alleged to have been stolen was not the property of W. F. Watson, but of Cassam Watson, and the court below, at the instance of the attorney for the state, instructed the jury “ that if the horse was wrongfully taken by the accused from Cassam Watson, and without his knowledge or consent, with the felonious intent to deprive him of his property and convert it to his own use, they must find him guilty.” This instruction was erroneous.
The accused is charged in general terms with stealing the horse of W. F. Watson, and proof that the horse belonged to some one else is inadmissible, unless there is some such description of the property in the indictment as would enable the court to know, upon a plea of former conviction or acquittal, that the party had been once in jeopardy for the same offense.
A conviction for stealing the horse of W. F. Watson would not bar a prosecution for stealing the horse of Cassam Watson. It is only by reason of section 128 of the Criminal Code, art. 2, page 28, that a conviction may be had under an indictment When the name of -the party alleged to have been the owner of *339 the property has been wrongfully stated. That section provides, “ If an offense involve the commission of, or an attempt to commit, an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, or as to the owner of the property taken or injured, or attempted to be injured, is not material.”
The instruction was, no doubt, given under this provision of the Code upon the idea that the real name of the party owning the property was not material. That some party has been injured must be averred, and in a case like this, where there is a variance in the proof and the averment as to ownership, it must prove fatal to the prosecution, unless the offense be sufficiently described in other respects with such certainty as to identify the aet; and if, in the present case, the horse had been minutely described, so as to have identified it whether it belonged to A or B, as the horse alleged to have been stolen, the fact that the name of the owner had been improperly stated would have been regarded as immaterial.
The charge here is, that the accused took the horse of A with a felonious intent, and no other description of the offense is given, when, in fact, it was the horse of B; and upon an indictment for stealing the horse of B, nothing is to "be found in the indictment for taking A’s horse showing that it is the same offense.
In the absence of such a description, the party might be twice punished for the same offense; and it is only in cases where the wrongful act can be identified, whether it affects A or B, that a mistake as to the name of the party injured can be disregarded and a conviction had. Such was the purpose of the section of the code in question.
The judgment is reversed, and cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.