### JOSEPH McDOYLE *v.* COMMONWEALTH.

Criminal Law—Evidence—Confession.

Where a confession of crime is induced by fear it is not admissible in evidence, and if the officer said to the accused after arrest that "You had better confess it," and the prisoner, being a timid and weak minded person, construed this as a threat and made a confession, such confession should not be admitted in evidence.

APPEAL FROM CARTER CRIMINAL COURT.

December 6, 1878.

OPINION BY JUDGE HINES:

The evidence strongly conduces to the conclusion that the appellant is timid and of weak mind and that the confession made by him to Boggs, immediately after the arrest was induced by fear. It is true that Boggs only said to him, "you had better confess it"; but if the prisoner construed this as a threat, as he well may have done, the confession should have been excluded. Nor do we think it material whether Boggs had a warrant or not, nor even whether he was in fact an officer, provided the confession was made through fear and under the belief on the part of appellant that he was legally in custody. The confession made in the presence of Campbell appears

to be competent, but that does not cure the error in the admission of the confession to Boggs. The common law attaches but little weight to confessions made out of court, and our code is emphatic that, standing alone, they will not authorize a conviction.

We see no objection to the instruction given by the court, and no error in the refusal to grant the instructions asked for by appellant. As to whether there was any evidence to corroborate the confession was a question for the court, and not for the jury. If there had been no evidence except the confession going to show that the offense had been committed, it would have been the duty of the court to instruct the jury to find for the defendant; but such evidence being before the jury, it was improper to give the jury any instruction in reference to corroborative evidence. They were to determine the guilt or innocence of the accused from all the facts and circumstances proved in the case, and in doing so the weight to which the confessions or any other fact proved was entitled was a matter entirely for them to decide.

The indictment, according to the ruling of this court in the case of *McBride v. Commonwealth,* 13 Bush 337, is good, and the court did not err in overruling the motion in arrest of judgment.

For the reasons assigned the judgment is *reversed* and cause remanded with directions to award appellant a new trial, and for further proceedings consistent with this opinion.

*J. R. Botts, for appellant.    Moss, for appellee.*