### H. F. Thomas *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 1—407.]

**Criminal Law—Indictment.**

> An indictment for grand larceny is sufficient which charges that "The said ——— feloniously took and carried away one buggy of the value of $100 and two horses of the value of $100 each, the personal property of James S. Long.

**Ownership of Property Charged to Have Been Stolen.**

> Where the ownership of stolen property is charged to have been in a named person, there is no variance when the proof shows such property to be owned by said person's wife, where it is also shown that it was in the possession and under the control of the husband as agent for the wife at the time it was stolen.

#### APPEAL FROM McCRACKEN CIRCUIT COURT.

November 11, 1880.

Opinion by Judge Hines:

We think the indictment is good. The charge is of grand larceny, and the specification that "the said ——— feloniously took and carried away one buggy of the value of $100 and two horses of the value of $100 each, the personal property of Jas. S. Long," etc. *McBride v. Commonwealth,* 13 Bush 337.

The proof in the case was that the property belonged to the wife of Jas. S. Long, but that it was in the possession and under the control of the husband as agent for the wife at the time it was obtained by appellant. This, we think, was not a fatal variance. It is well established that where one holds property for another, as bailee, agent or in any other capacity the property may be laid in the bailee or in the true owner. Wharton on Criminal Law (10th ed.), Sec.

938; 2 Bishop on Criminal Procedure (3d ed.), Secs. 720, 721; Bishop on Criminal Law, Sec. 789; Sec. 128, Criminal Code.

Although the penalty for horse-stealing is confinement in the penitentiary from two to ten years, and for stealing other personal property from two to five years, horse-stealing is nevertheless larceny, and as the court instructed the jury that the penalty for stealing the one or the other is as indicated, the instructions were not prejudicial to appellant. Instruction No. 4 conforms to the law as stated in the second paragraph of this opinion.

By Acts of March 4, 1880, Chaps. 360–361, it is provided that this court shall not reverse in criminal cases unless the errors complained of appear, on consideration of the whole case, to be prejudicial to the substantial rights of the accused. Substantial justice appears to have been meted out in this case, and therefore the judgment is *affirmed*.

*W. G. Bullitt, for appellant.   P. W. Hardin, for appellee.*