CASE 81—PROSECUTION OF ROBERT AND LULA VINEYARD FOR LARCENY.
.SEPTEMBER 23.

# Commonwealth v. Vineyard, &c.

APPEAL FROM CARLISLE CIRCUIT COURT—R. J. BUGG, CIRCUIT JUDGE.

JUDGMENT OF COURT DIRECTING A VERDICT FOR DEFENDANTS. APPEALED
BY COMMONWEALTH HELD ERRONEOUS.

LARCENY—CORPORATION AS OWNER OF PROPERTY—PROOF OF INCORPOR-
ATION—SUFFICIENCY—STATUTE.

Under Cr. Code Prac. sec. 128, providing that, if an offense
involve the commission of an injury to or the taking of property,
and be described in other respects with sufficient certainty to
identify the act, an erroneous allegation as to the owner of the
property taken is not material, where defendants are charged in
an indictment with stealing property from a duly incorporated
company, and the evidence supports the indictment, it is error
to direct a verdict for defendants because the State did not in-
troduce record evidence to show that the company was duly incor-
porated.

N. B. HAYS, ATTORNEY GENERAL, L. MIX AND W. H. HESTER, FOR AP-
PELLANT.

We contend that in an indictment for larceny for stealing prop-
erty belonging to the Columbus Stave Co. it is not necessary to
allege in the indictment or prove on the trial that said Stave Co.
was incorporated.

## LIST OF CASES CITED.

Crim. Code, sec 128; Robertson's Crim. Law and Pro. vol. 1,
sec. 435; Smith v State, 28 Ind., 321; People v Barrick, 49 Cal.,
342; Com. v. Philipburg, 10 Mass, 70; Fisher v. State, 40 N. L.
J., 169; Johnson v. State, 65 Ind., 204; People v. Jackson, 8
Barb., 637; Com. v. Deadham, 16 Mass., 141; Porter v. Com., 22
Ky. Law Rep., 1658; Reed v. Com., 7 Bush, 642; McBride v.
Com., 13 Bush, 338; Com. v. Jarboe, 11 Ky. Law Rep., 344;
Johnson v. Com., 10 Ky. Law Rep., 101.

J. M. NICHOLS & SON, FOR APPELLEE.

> It is a general rule of law that "all descriptive averments in
> an indictment must be proved as laid."
>
> This indictment describes the alleged owner of the stolen rope
> to be a corporation. Under this general rule of law it became
> necessary for appellant to prove that it was a corporation, and
> when it failed to so prove, it failed to prove one of the essential
> things to convict appellees. Clark v. Com., 16 B. Mon., 206;
> Hensley v. Com., 1 Bush, 11; Am. & Eng. Ency. of Law (1st Ed.),
> vol. 10, p. 557.

OPINION OF THE COURT BY JUDGE PAYNTER.

The indictment charged that the defendants stole certain
manilla ropes from the Columbus Stave Company, which
was a duly incorporated company. The evidence introduced
by the Commonwealth tended to show that the ropes were
stolen from the Columbus Stave Company, and that they
belonged to that company, and that it was incorporated.
The Commonwealth did not introduce the records to show
that it was a duly incorporated company. For this reason
the court gave the jury an instruction to return a verdict
for the defendants. The case was brought here to review
the action of the court.

Section 128, Cr. Code Prac., reads as follows: "If an of-
fense involve the commission of, or an attempt to commit an
injury to person or property, or the taking of property, and
be described in other respects with sufficient certainty to
identify the act, an erroneous allegation as to the person
injured or attempted to be injured, or as to the owner
of the property taken or injured or attempted to be injured,
is not material." The indictment was sufficiently certain
without an averment that the Columbus Stave Company
was an incorporated company. Therefore it was unnecessary
to aver that it was an incorporated company. The offense
could have been committed whether the company was in-

corporated or not. Although the indictment averred that it was a corporation, had the evidence upon trial shown that it was not a corporation, still a case would have been made out against the defendants. It was to meet this and similar cases that section 128 was enacted.

In our opinion, the court erred in giving the peremptory instruction. The case is not reversed, because there can not be another trial.