## Brown v. Daniels.

### (Decided June 5, 1913.)

### Appeal from Johnson Circuit Court.

Appeal—Effect of Failure of Counsel for Appellant to Brief Case.—
When counsel for appellant do not point out in a brief any error

in the judgment appealed from or assign any reason why it should be reversed, this court, having neither the time nor the inclination to hunt for errors that might justify a reversal, will assume that the judgment appealed from is correct, and affirm it.

J. F. BAILEY, C. B. WHEELER for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This record of 262 pages involves the settlement of complicated accounts. There is no brief for appellee, but we have been favored by counsel for appellants with the following paper, styled "brief for appellants:"

"This action was originally brought in the Johnson Circuit Court by Grant Daniels, former sheriff of Johnson County against M. V. Brown, deputy sheriff under him, and W. H. Dorton, W. H. Estep and C. M. Thomas as his securities, wherein the said Daniels asked to recover from said Brown and his sureties the sum of $2,600 for taxes which this appellee claimed to be due from said Brown and his sureties as such.

"Brown answers and shows that he has paid to Daniels all the taxes due him for the four years as deputy, except the amount then remaining uncollected on the tax-books, which he (Brown) offers to turn back to Daniels. The sureties of Brown make the same defense as Brown, except they have additional defenses, one of which that they are released as sureties because the bond they signed to Daniels as such sureties was never completed, in that other parties were to sign same. Other defenses are set out as will appear from a reading of the answer and the several amended answers.

"The case was referred to the master commissioner, whose report was very favorable to Daniels. Exceptions were filed to the report by these appellants, and upon the trial of same, the report was substantially affirmed.

"This court is called upon to go over the entire settlement between these parties covering a period of four years and adjust their differences."

When counsel for appellants do not point out in a brief any errors in the judgment appealed from or assign any reason why it should be reversed, this court, having neither the time nor the inclination to hunt for errors that might justify a reversal, will assume that the judgment appealed from is correct, and affirm it.

Judgment affirmed.