## Crawford v. Wiedemann.

(Decided March 27, 1914.)

### Appeal from Campbell Circuit Court.

1. Appeal—Failure to Point Out Errors in Briefs.—The court is not inclined to hunt for errors in the record, and if none are pointed out by the briefs, it will be assumed that no errors exist, or that they have been waived.

2. Attorney and Client—Acquiescence by Client in Attorney's Conduct.—Acquiescence by a client in the attorney's conduct in representing him may supply the place of a request to act, provided the case is such that the client might reasonably know that he would be expected to pay for the work; and the same would be true if the client by his acts induced the attorney to believe that his services were desired.

JAMES C. WRIGHT for appellant.

RAMSEY WASHINGTON and DOLLE, TAYLOR & O'DONNELL for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant L. J. Crawford brought this action against appellee Charles Wiedemann, to recover $5,000.00 as a fee for legal services claimed to have been rendered appellee in the case of Charles Wiedemann v. The Highland Hotel Company, in the Campbell Circuit Court.

Crawford and Wiedemann were jointly interested as holders of both common and preferred stock in said Hotel Company, and were, perhaps, its largest creditors; Crawford having loaned the company about $20,000.00, and Wiedemann having loaned it about $60,000.00. The claims of other creditors aggregated about $12,000.00. Wiedemann was President, and Crawford was an active stockholder in the Hotel Company.

The company having become insolvent, it was agreed between Crawford and Wiedemann that an action should be brought to settle its affairs. This agreement was carried out by Crawford, as attorney, bringing an action in the name of Wiedemann as plaintiff, who claims he was merely lending his name for the settlement of the company's affairs, and that no fees were to be charged him individually for bringing the action, but that Crawford would be paid out of the assets of the company.

The petition and answer were both filed on the same day, and both were prepared by Crawford. The action was representative in character, and was not only brought for the benefit of Wiedemann, but for the benefit of all other creditors of the Highland Hotel Company. On the day the suit was filed a receiver was appointed for the company, and the cause was referred to the Master Commissioner. That the suit was representative in character, appears from the order drawn by appellant and entered on the same day, which, after reciting that the creditors of the Hotel Company were numerous, and that it was impracticable to bring all of them before the court within a reasonable time, it was ordered that Wiedemann might prosecute the action against the company for the benefit of each and all of such creditors, who were enjoined from prosecuting their claims elsewhere.

Wiedemann being about ready to start on a trip to Europe, agreed with Crawford that they make a joint bid on the property of the Hotel Company to the extent of their claims against the company, and Wiedemann appointed Clarence Wagner his attorney in fact to represent him at the sale. During Wiedemann's absence and in the regular course of the action, Fryer & O'Shaughnessy, holders of preferred stock of the Hotel Company, filed their answer and cross-petition against the plaintiff Wiedemann, asking that all the preferred stock issued by the Hotel Company be adjudged to be debts and claims against the company, and prior and superior to the claims of the unsecured creditors, including Wiedemann's claim. Appellant filed a demurrer in the name of Wiedemann to said cross-action, and the demurrer was sustained. No further steps were taken as to that claim.

Later, Sulzberger & Schwartzchild, general creditors, filed their answer and cross-petition, in which they asked that their claim, together with the claim of all other unsecured creditors against the Hotel Company, other than those of Crawford and Wiedemann, be given preference over the unsecured claims of Crawford and Wiedemann. This claim was also successfully defended by Crawford, who appeared as the attorney for Wiedemann.

Shortly thereafter, on June 15, 1909, appellant was allowed, and he subsequently received, the sum of $3,000.00, recited by the order as having been allowed "to

L. J. Crawford in full for legal services herein, the testimony of R. A. Nagel and J. C. Wright having been heard.''

All the legal services rendered by Crawford in the action of Wiedemann against the Highland Hotel Company, including those performed in resisting the claims of Fryer & O'Shaughnessy and Sulzberger & Schwartzchild, were performed prior to, or on June 15, 1909; the subsequent steps being merely formal ones and taken during Crawford's absence from the city.

.The property of the Hotel Company was bought, as agreed, by Crawford and Wiedemann, and temporarily operated as a hotel. Wiedemann returned from Europe in July 1909, and shortly thereafter some differences arose between him and Crawford over the future operation of the hotel, Crawford insisting that it be operated as a partnership, while Wiedemann contended that the property should be turned over to a corporation to be formed by him and Crawford. Other differences arose between them, one being as to the amount of money Crawford owed Wiedemann in the settlement of the purchase price of the property, which was finally settled by Crawford giving Wiedemann his note for $902.51.

On August 21, 1909, Crawford wrote Wiedemann intimating that he was Wiedemann's attorney in the litigation; whereupon Wiedemann answered Crawford's letter the same day denying the employment, and claiming that the $3,000.00 allowed and paid Crawford by the court was intended and did cover all legal services performed in that action.

On February 10, 1912, about two years and a half later, Crawford brought this action against Wiedemann for his fee, fixing it at $5,000.00; and the jury having found for Wiedemann, Crawford appeals.

For a reversal appellant assigns two errors.; (1) that the court improperly admitted the testimony of Wiedemann, which was incompetent and irrelevant; and (2) that the instructions did not give the law of the case.

1. Appellant reminds the court, in a general way, that Wiedemann was permitted to go at length into matters in no way connected with the litigation, describing in detail what his conduct had been with reference to the Highland Hotel Company long before the institution of the suit of Wiedemann against the company; that this testimony highly commended his own acts in that re-

gard, and held him out as the good angel of the company. As our attention has not been called to any specific ruling of the court upon this subject to which appellant saved an exception, we conclude appellant is not now urging this point. The court is not inclined to hunt for errors; and if none are pointed out by the briefs we will assume none exist, or that they have been waived. Brown v. Daniels, 154 Ky., 267.

Furthermore, giving the evidence the full effect claimed for it by the appellant, we fail to see that it was at all prejudicial to his substantial rights. The testimony of both Crawford and Wiedemann, necessarily took rather a wide range, in which both, by common consent, seemingly were given full rein.

2. In addition to his contention that the $3,000.00 was in full compensation for all the services of Crawford rendered in said action, Wiedemann denies that he employed Crawford, or that he ratified the employment, or that he accepted the benefit of his services.

The third instruction reads as follows:

"If the jury believe that neither the defendant or his attorney in fact, had knowledge of the services in question being rendered by the plaintiff on behalf of defendant until after they were rendered, they will find for the defendant."

Appellant insists this instruction is erroneous because it ignores the question of acceptance or ratification upon the part of Wiedemann; and, that it was especially prejudicial in view of the fact that Wiedemann was in Europe when the services were rendered, and Wagner, the attorney in fact, disavowed any knowledge of them. The instruction is not as full as it should have been. Acquiescence by the client in the attorney's conduct may supply the place of a request to act, provided the case is such that the client might reasonably know that he would be expected to pay for the work; and the same would be true if the client by his acts induced the attorney to believe that his services were desired. 4 Cyc., 985.

The first instruction, however, cured whatever deficiency there might be in the third instruction, by informing the jury that where one party employs another to perform certain services for him, or where the intention of the parties is not expressed and one person performs services for another who has knowledge

thereof and accepts the same, the services not being performed under such circumstances as to show they were intended to be voluntary or gratuitous, the law implies a promise or obligation to pay the reasonable value of such services. The first instruction went even further and specifically applied the legal proposition above announced to the facts in this case, by saying to the jury that if Crawford rendered legal services to Wiedemann in the defense of the claims of Fryer & O'Shaughnessy and Sulzberger & Schwartzchild, other than services rendered to the unsecured creditors as a class, and that if Crawford was so employed by Wiedemann or by Wagner, his attorney in fact, or if Wiedemann or his attorney in fact acquiesced in and received said services so rendered, they should find for the plaintiff, unless the evidence showed that such services were intended to be voluntary or gratuitous.

Appellee insists that this instruction was more favorable to appellant than he was entitled to, since it bound Wiedemann by any knowledge Wagner might have had of Crawford's services, when it has not been shown that his authority extended that far. Appellant insists, however, the instruction is erroneous in that it prevents his recovery in case the jury should believe that the services were to be rendered gratuitously, there being no evidence, as he contends, tending to sustain that view.

Counsel is mistaken in this, however, since it is easily inferable from the testimony of the appellant himself that he had no intention of making a charge for these services until long after they were rendered; and in this he is corroborated by Wagner.

The rule being that instructions to the jury must be read and construed together as a whole, we are clearly of opinion that when the instructions in this case are so read, they substantially give the law of the case.

Finding no substantial error in the record, the judgment is affirmed.