## McCorkle, et al. v. Chapman, et al.

(Decided October 15, 1918.)

### Appeal from Hart Circuit Court.

Appeal and Error—Failure of Appellant to Point Out Errors in Brief.—When counsel for appellant does not point out in his brief any error in the judgment appealed from, or assign any reason why it should be reversed, the court, having neither the time nor the inclination to hunt for errors that might justify a reversal, will assume that the judgment appealed from is correct, and affirm it.

H. L. JAMES for appellants.

C. B. DOWLING for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was filed by the appellant, who was plaintiff below, against appellee, who was defendant below, to procure the establishment of a passway across the land of defendant, which plaintiff claimed she was entitled to by adverse user on the part of herself and predecessor's in title, as well as the people of the community, for so

long that they had acquired by prescription a right thereto, and the petition sought an injunction preventing defendant from interfering with plaintiff's use of the passway which it was charged he was doing.

The answer denied the right, and alleged facts showing that if any passway ever existed over the land at the place contended for it had long since been abandoned, and the premises over which it ran had been enclosed for more than twenty years. We do not find any denial of the answer, but the case seems to have been tried upon the theory that this was done. Seventy witnesses gave their depositions in the case, forty-four of whom testified in behalf of defendant, supporting his defense, and of the twenty-six introduced by plaintiff most of them testified to facts tending to support her contention. Upon final submission, plaintiff's petition was dismissed, and to reverse that judgment she prosecutes this appeal.

The transcript is in two large volumes, and is composed of 465 pages. About 400 pages consist of the testimony introduced by both sides. The appellant has filed a writing denominated a brief, covering less than one page, which, omitting caption and signature, is as follows:

"The record in this case presents purely a question of fact. This was an equitable action, tried before the chancellor, and on the evidence a judgment was rendered in favor of the appellee, and we realize that it is a rule with this court in cases of this kind to affirm the judgment, if on considering the record the mind of the court is left in doubt as to the correctness of the conclusions reached by the trial court on the facts, but we insist that this court, on reviewing this record, must come to the conclusion that the trial court was in error on the facts and that a judgment should have been entered for appellants.

"We consider it unnecessary to attempt to analyse the evidence, as the question is purely one of fact, and the court must realize from the record and draw its conclusions therefrom in making its decision."

We have in many cases announced the rule that this court has neither the time nor the inclination to search a record in order to discover errors which might justify a reversal, and if none such is pointed out by the litigant who is complaining of the judgment, it will be presumed that no errors exist and the judgment will be

affirmed. This is especially the rule where the record is voluminous, and it has been applied where it was much smaller than the one now before us. Brown v. Daniels, 154 Ky. 267; Garvey v. Garvey, 156 Ky. 664; Crawford v. Weiderman, 158 Ky. 333; Continental Insurance Co. v. Ramsey, 160 Ky. 441; Commonwealth v. Lexington & Eastern Railway Co., 167 Ky. 442.

In the Brown case the record consisted of 262 pages and the paper styled a brief was more extensive than is the appellant's brief in this case, but this court said:

"When counsel for appellants do not point out in a brief any errors in the judgment appealed from or assign any reason why it should be reversed, this court, having neither the time nor the inclination to hunt for errors that might justify a reversal, will assume that the judgment appealed from is correct, and affirm it," and the judgment was affirmed.

In the Garvey case the record consisted of 250 pages. There were what purported to be four briefs filed, but each of them was of the nature and tenor of appellant's brief here, and this court said: "When the party to an appeal is dissatisfied with the ruling of the circuit court upon an issue of fact, he should point out specifically the errors he complains of, and the testimony tending to sustain his contention." The other cases referred to are to the same effect.

It might be added that this court is not a trial court. Its general jurisdiction, barring a few instances to which this case does not belong, is appellate only. There is no *de novo* trial here. Our duties consist in the correction of errors committed by the trial court, and if counsel for appellant is unable to point out any such errors it is our duty to affirm the judgment, not only in deference to the trial court, but further, because our time is too valuable to search for that which is of such little importance that counsel will not dignify it by pointing it out.

In this case we are simply handed a record of the size mentioned, and invited to search the record, and if we can find any errors authorizing a reversal counsel will be much obliged. But, from what has been said, it is our duty to decline the invitation, and the judgment is therefore affirmed.