## Lowery v. Commonwealth.

(Decided May 27, 1921.)

## Appeal from Daviess Circuit Court.

1. Criminal Law—Variance.—Variances are regarded as material in criminal cases only when they mislead the defendant in making his defense and may expose him to the danger of again being put in jeopardy for the same offense.
2. Criminal Law—Variance Not Fatal to Indictment.—The variance held not fatal where the indictment charged defendant with breaking into a store house of Levy's, a corporation; and the evidence showed the Levy's referred to in the indictment was a co-partnership.
3. Criminal Law—Objection to Evidence.—An objection to the whole evidence of a witness where part is competent is unavailing.
4. Criminal Law—Appeal and Error—Possible Errors in Admission of Evidence.—This court will not search the record for possible errors in the admission of evidence upon a jury trial where many objections were made and overruled and no errors are pointed out by counsel in brief.

AUD & HIGDON for appellant.

CHAS. I. DAWSON, Attorney General, for appellee.

Opinion of the Court by Judge Clarke—Affirming.

The appellant, Robert Lowery, and another were charged jointly by indictment with the crime of feloniously breaking into a store house with intent to steal, which is a crime denounced by section 1164, Ky. Statutes.

Appellant upon a separate trial was convicted and his punishment fixed at confinement in the penitentiary for five years. For reversal of that judgment he urges that the court erred (1) in overruling his motion for a directed verdict; (2) in refusing to exclude the evidence of all of the Commonwealth's witnesses; (3) in failing to properly instruct the jury, and (4) in the admission of incompetent evidence.

1. The right to a peremptory instruction is claimed because of an alleged fatal variance between the charge in the indictment and the evidence. The indictment in the accusatory part charges the commission of the crime in general language and in the descriptive part alleges that:

"The said Robert Lowery and Ed Ervin, and each of them acting jointly and together, each aiding, assisting

and abetting the other in Daviess county, Kentucky, on the — day of —, 1920, and before the filing of this indictment, with force and arms wilfully, unlawfully and feloniously did break into and enter into a store room of Levy's a corporation duly created and existing by virtue of the laws of Kentucky, etc.''

The evidence shows that the store room broken into was Levy's, a co-partnership and not a corporation; that Levy's had been a corporation but that shortly before the robbery the corporation had been dissolved and the store had since been operated under the same name but as a co-partnership. This is the variance that counsel for defendant insist is fatal and entitled him to a directed verdict, but we are unable to agree with this contention. It is clearly shown by the proof that the store of Levy's referred to in the indictment was the store of Levy's broken into. The clause ''a corporation duly created and existing by virtue of the laws of Kentucky'' is merely *descriptio personae* and might have been omitted without affecting the validity of the indictment. The variance cannot possibly have misled the defendant in making his defense nor can he again be placed in jeopardy for the same offense. It is therefore not a fatal variance.

This court in Brown v. Commonwealth, 123 Ky. 20, approved the rule as stated in 22 Encyclopedia of Pleading and Practice 551 that,

''Variances are regarded as material in criminal cases only when they mislead the defendant in making his defense and may expose him to the danger of again being put in jeopardy for the same offense.''

To the same effect are Commonwealth v. Jarboe, 89 Ky. 143; Sutton v. Commonwealth, 97 Ky. 308; Sutton v. Commonwealth, 154 Ky. 799. The cases of McBride v. Commonwealth, 13 Bush 337; Carter v. Commonwealth, 25 Ky. Law Rep. 688, and similar cases relied upon by appellant are not applicable here. In those cases the defendant was charged with stealing the property of a named person and the proof was that he had stolen the property of an entirely different person whose name was not even *idem sonans*. Manifestly in those cases the variances were fatal because they were such as would have misled the defendant in making his defense and he would have been in danger of again being put in jeopardy for the same offense. The precise question here involved was before this court in Commonwealth v. Vineyard, 82

S. W. 289. The indictment in that case charged that the defendant stole certain manilla ropes from the Columbia Stave Company and that same was a duly incorporated company. This court held that by reason of the provisions of section 128 of the Criminal Code the indictment was sufficiently certain without an averment that the Columbia Stave Company was an incorporated company, and that although the indictment averred that it was a corporation, this was an unnecessary allegation and need not have been proved.

2. It is insisted that the evidence of each of the Commonwealth's three witnesses was incompetent and should have been excluded because each of them recited a confession of guilt by the defendant which it is insisted was obtained from him in violation of the provisions of section 1649b, Ky. Statutes, known as the anti-sweating law. We are of the opinion that the confession was not obtained from the defendant in violation of this act, but even if it were otherwise, we could not, because of the condition of the record, reverse the judgment therefor. Thomas Barneby, an Indianapolis detective and the first witness for the Commonwealth, testified that he arrested the defendant while he was trying to sell a trunk full of women's garments to a pawnbroker in Indianapolis; that the defendant at first claimed he bought the goods from an unknown man in Columbus, Tennessee, but later confessed that he and Ervin broke into the store of Levy's in Owensboro, Kentucky and took them therefrom. The defendant did not object to any of the witness's statements with reference to the confession, but at the close of his evidence objected to the testimony as a whole and moved the court to exclude it from the jury, which motion the court overruled and the defendant excepted. The evidence of this witness, that he arrested the defendant when he was attempting to sell the goods to a pawnbroker in Indianapolis, which goods were later identified by Mr. Levy as being the goods that were stolen from his store room in Owensboro when same was broken into as charged in the indictment, was clearly competent even if the evidence with reference to the confession was not; hence the defendant's motion to exclude all of the evidence of this witness was properly overruled.

As said in Harrod v. Armstrong, 177 Ky. 317, where numerous like cases are cited:

"The uniform and unvarying rule as announced and adhered to by this court is that for an objection to be available it must be specifically directed to that portion of the testimony which is incompetent, and that to object to evidence as a whole when there is contained in it both competent and incompetent testimony will not be sufficient to authorize this court to reverse the judgment because of the error complained of."

The same rule was even more recently approved and applied in Hall v. Com., 189 Ky. 72. For the same reason the court did not err in refusing to exclude the whole of the evidence of the other two witnesses for the Commonwealth.

3. The two complaints of the instructions given by the court are that there was no evidence to show that the defendant had anything to do with breaking into the store and that no reference was made in the instructions to the charge in the indictment that the store house broken into was that of Levy's, a corporation. The first complaint is based upon the assumption that defendant's confession of guilt was incompetent and should have been excluded, which, as we have seen is not true; but even if the confession should be excluded there is ample evidence though circumstantial of defendant's guilt to carry the case to the jury and authorize the instructions given. The second complaint has already been disposed of in passing upon defendant's second ground for a reversal.

4. Counsel do not point out any error of the court in the admission of evidence but content themselves with this statement: "It will be noticed that every objection made by defendant in the trial of this case was overruled by the trial judge and we think that each time he overruled the objection an error was committed." We have several times expressed our unwillingness to search the record for possible errors of the court, where none is pointed out in brief, and announced the rule that under such circumstances it will be assumed the judgment is correct. Brown v. Daniels, 154 Ky. 267; Garvey v. Garvey, 156 Ky. 664; McCorkle, et al. v. Chapman, 181 Ky. 607.

That rule seems equally applicable to possible errors in the admission of evidence upon a jury trial; and we might assume we think the trial court did not err in this respect here, where many objections were made and overruled and no such errors are called to our attention by

counsel in their brief. We have however examined the court's rulings in each instance and find no error prejudicial to appellant's substantial rights.

Wherefore the judgment is affirmed.