## McKinzie v. Commonwealth.

(Decided February 17, 1922.)

## Appeal from Johnson Circuit Court.

1. Criminal Law—Continuance—Change of Venue.—A hostile public sentiment is ground for a change of venue rather than for a continuance, and upon conflicting evidence of its existence, the trial court did not abuse a sound discretion in refusing a continuance.

2. Criminal Law—Continuance—Absent Witnesses.—Nor did the court commit prejudicial error in refusing a continuance because of the absence of a witness for defendant, even though the record does not show that the attorney for the Commonwealth agreed that the statements as to what the witnesses would testify might be read as evidence as provided by section 189 of the Criminal Code, where it was shown it was not probable the presence of the absent witness could ever be procured and the defendant did not offer to read such statements as his testimony and proved by other witnesses every fact it was alleged the absent witness would establish.

3. Criminal Law—Review of Challenge of Juror.—That the trial court refused to sustain defendant's challenge for cause to four jurors of the panel cannot be reviewed by this court under the provisions of section 281 of the Criminal Code.

4. Criminal Law—Separation of Jury.—Section 244 of the Criminal Code only provides that the jurors in cases where capital punishment may be inflicted shall not be permitted to separate after they have been accepted, and the defendant can not complain of a separation even after acceptance unless he objected at the time.

5. Criminal Law—Appeal and Error.—This court will not search the record for possible errors in the admission of evidence upon a jury trial where many objections were made and overruled and no errors are pointed out by counsel in brief.

M. C. KIRK, F. P. BLAIR and J. L. HARRINGTON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On August 26, 1921, John Reynolds, a prohibition officer, James Melvin, town marshal of Paintsville, and Manuel Fitspatrick, his deputy, went to Slate branch in Johnson county in search of illicit stills. The defendant, Clayton McKinzie, was, at the time, present if not assisting in the operation of a "moonshine still," which was being operated by Elbert Dye, Ed. Stambough and others in a hollow not far from defendant's home. Informa-

tion of the officers'- presence on Slate branch was carried to the parties at the still by defendant's daughter and another, whereupon the defendant, Dye and Stambough, each carrying a shot gun, hurriedly left the still which the other parties carried away and hid.

Defendant and his companions crossed the intervening ridge and intercepted the officers at Cue McKinzie's home, a short distance above defendant's home on Slate branch. Dye and Stambough got into Cue's house just before the defendant met the three officers in the road almost directly in front of the house; Reynolds got off of his horse and approached the defendant, when shooting began, which resulted in Reynolds and Melvin being killed and in which defendant and Fitspatrick were wounded.

Defendant, Dye and Stambough, with several others were jointly indicted, the indictment charging them with conspiring to murder Reynolds and that in furtherance of the conspiracy some one of them killed him; that the others were present, aiding, assisting, etc., therein, and that the grand jury did not know which defendant actually did the killing.

Upon a separate trial the defendant was convicted and his punishment fixed at confinement in the penitentiary for life. There is no question as to the sufficiency of the evidence for the Commonwealth to sustain the verdict of the jury, but numerous alleged errors of the court are urged as grounds for reversal, the first of which is the refusal to grant the defendant a continuance. In his affidavit filed in support of his motion, defendant alleged that public sentiment was so bitter against him that he could not be accorded a fair trial in Johnson county, and that because of the absence of his witness, Elbert Dye, he was not ready for trial at that term.

Numerous counter affidavits were filed by the Commonwealth to the effect that there was no public sentiment against the defendant which would interfere with his having a fair trial in Johnson county. Even if the condition of public sentiment in Johnson county was as described in defendant's affidavit, it would have afforded grounds for a change of venue, which was not asked, rather than a continuance, and, considering the conflicting evidence as to existence of such sentiment in the county, the trial court did not abuse a sound discretion in refusing to grant a continuance upon this ground.

The defendant averred in his affidavit, in effect, that his absent witness, Elbert Dye, would assume full responsibility for the killing of Reynolds and absolve defendant from any connection therewith. The Commonwealth, on the hearing, proved that Dye was not a resident of the county; that he was a fugitive from justice; that rewards aggregating $750.00 had been offered for his capture; that the sheriff and others had made diligent search for him and did not believe that he was in the county or state. There was no denial of any of this evidence and it was therefore doubtful if the presence of this witness could ever be procured.

All of the defendant's other witnesses were present and testified for him and he did not even offer to read as the deposition of Dye the statements to which defendant in his affidavit alleged he would testify if present. The record does not show whether or not the Commonwealth's attorney agreed that this might be done as is provided by section 189 of the Criminal Code he shall in such cases, but whether so or not the defendant if he desired to avail himself of this privilege, clearly waived it by failing to offer to introduce his affidavit as the evidence of Dye. Every fact to which it was alleged Dye would testify was proven for defendant by those who were in the house with Dye at the time of the shooting, and the error, if any, in refusing the continuance upon this ground was not prejudicial.

2. It is next urged that the court erred in refusing to excuse from service as jurors in the case four of the panel which defendant challenged for cause. None of these jurors were finally accepted and we do not see how the error, if any could have substantially prejudiced defendant, even if he exhausted his peremptory challenges to keep them off the jury, as he does not even suggest that any of the jurors who were finally accepted were unsatisfactory to him. But be this as it may, section 281 of the Criminal Code denies to this court jurisdiction to review the decision of the trial court upon challenges to the panel or for cause and there is no merit in this contention.

3. When court adjourned at the close of the first day of the trial ten jurors had qualified as competent to try the case but they had not been accepted by either the Commonwealth or defendant. It is insisted that the court committed error in permitting them to separate during adjournment until the next morning. This con-

tention is based upon that part of section 244 of the Criminal Code which reads: ''On the trial of offenses which are or may be punished capitally, the jurors after they are accepted shall not be permitted to separate but shall be kept together in charge of the proper officers.'' It will be noticed it is only ''after the jurors are accepted'' that they are not to be permitted to separate.

In Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47, it was held that permitting the jurors to separate after acceptance only by the Commonwealth was not ground for a reversal.

In Heck v. Commonwealth, 163 Ky. 518, 174 S. W. 19, it was held upon authorities there cited that even after the jury is finally accepted, the accused may waive his right to object to permitting the jurors to separate and an objection made to the separation of the jury for the first time in a motion for a new trial will not be considered, as the objection should have been made at that time.

Here the jurors had not been accepted and the separation took place in the presence of appellant without objection from him. It is therefore clear that for two reasons this ground for a new trial was properly overruled.

4.  It is next urged that the court committed prejudicial error in permitting the Commonwealth to introduce incompetent evidence and in refusing to permit the appellant to introduce competent evidence.  Our attention is not, however directed to any errors of the court in the admission or rejection of evidence.  The evidence in the record covers 374 typewritten pages, and a great many objections are noted.  Some of the court's rulings are questionable and a few plainly erroneous but not in our judgment prejudicial.  It would be surprising indeed if some of the court's rulings were not erroneous as they must of necessity be hurriedly made, but this court has not the time to search the record for possible errors in the admission of evidence, and then weigh all that may be found to determine whether or not, under the circumstances involved, any or all of them was prejudicial to the defendant's substantial rights, and certainly we can not be expected to discuss all the close decisions in an effort to cover those considered prejudicial by the appellant, but which he has not specified.  Besides, this court has frequently held that all errors except such as are specifically pointed

out and relied upon in brief for a reversal will be considered as waived. Brown v. Daniels, 154 Ky. 267, 157 S. W. 3; Garvey v. Garvey, 156 Ky. 664, 161 S. W. 526; Costigan v. Kraus, 158 Ky. 818, 166 S. W. 755; Lowery v. Commonwealth, 191 Ky. 657, 231 S. W. 234.

5. The final complaint with reference to the instructions is in the same condition as the last one. It is simply stated in the brief that "the instructions are lengthy and confusing and we do not deem it necessary to comment upon same but refer consideration of same to this honorable court in the belief that as a whole they did not present the law of the case, which was to the prejudice of the defendant."

We do not know of course in what respect the instructions are considered prejudicial and, therefore, without discussing them separately, will simply say that we have carefully considered all of the instructions which the court gave, and while they are not free from technical error they present every phase of the case with sufficient clearness that we do not think it possible that the jury could have been confused or misled thereby, and we do not find in them any error which we consider prejudicial to defendant's substantial rights.

Wherefore the judgment is affirmed.