## Green v. Commonwealth.

(Decided February 6, 1925.)

### Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Evidence Held to Sustain Verdict Finding Defendant Guilty of Selling Jamaica Ginger for Beverage Purposes.—Evidence held to sustain verdict finding that defendant sold Jamaica ginger for beverage purposes, as against his contention that he merely gave prosecuting witness some for medicinal purposes.

2. Criminal Law—Motion to Exclude all of Witness' Testimony, a Part of which was Admissible, Held Properly Overruled.—Motion to exclude all of the testimony of a witness given on rebuttal was properly overruled, where a part of the testimony was rebuttal evidence and there was no objection to the testimony while it was being introduced.

3. Criminal Law—Question as to Improper Admission of Evidence Not Considered in Absence of Objection or Motion to Exclude.— Where there was no objection to improper rebuttal evidence and no motion to exclude that part of the testimony that should have been introduced in chief, the question of whether such testimony was improperly admitted was not saved and will not be considered on appeal.

B. M. ADAMS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of unlawfully selling Jamaica ginger for beverage purposes, and while he testified that he did not sell but gave same to the prosecuting witness for medicinal purposes, the evidence of the prosecuting witness, as well as the attendant circumstances, fully sustains the verdict of the jury that the admitted transaction was a sale and for beverage purposes.

Hence the contention that the verdict is flagrantly against the evidence cannot be sustained.

The only other contention is that the court committed prejudicial error in refusing to exclude all of the evidence of the prosecuting witness when recalled after the defendant had closed his evidence. This is upon the theory that this evidence was admissible only in chief and not in rebuttal. This is true as to much of this evidence, but there was no objection while the evidence was being introduced, and the motion made at its completion was to exclude all of it, which was properly overruled, since a part of it was properly rebuttal evidence.

There being no objection to the introduction of that part of this evidence that should have been introduced in chief, nor any motion to exclude that part of it, the question as to whether or not it was improperly admitted was not saved and is not here. Hall v. Commonwealth, 189 Ky. 72, 224 S. W. 492; Lowery v. Commonwealth, 191 Ky. 657, 231 S. W. 234.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.