## Caudill, et al. v. Caudill, et al.

(Decided December 4, 1925.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error—Where Case Improperly Briefed, Voluminous Record Presented, Not Read, but Judgment Affirmed.—Where plaintiffs, suing to quiet title to land which they were unable to describe, did not avail themselves of order directing surveyor to run such lines as either party directed, and on appeal from adverse judgment did not make plats obtained by defendants' part of record, and in their brief did not set out any evidence, cite an authority, or point out an error, held voluminous record presented would not be read, but judgment affirmed on strength of presumption in favor of trial court.

2. Appeal and Error—Decision of Trial Court Presumed Correct.—Decision of trial court is presumed correct, which presumption is beginning of appellate court's examination of every case.

C. B. WHEELER for appellants.

W. H. VAUGHAN & SON and M. C. KIRK for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants, whom we will refer to as the plaintiffs, were unsuccessful in the trial court, and are here asking a reversal of the judgment. They began this action to quiet their title to a piece of land which in their petition they said they were unable to describe. They said they were acquainted with the lines and corners and would have it surveyed, and give an exact description of it. The court made an order directing the surveyor to run such lines and do such surveying as either party might direct. So far as the record discloses, the plaintiffs never had any surveying done, and no one has had a complete survey of the property made. The defendants had certain lines run and some plats made. These plats, however, are not in the record.

This seems to be a dispute about a tract of land and the location of certain surveys. Under the circumstances, we cannot conceive of anything that could be of any greater assistance to this court than to have had an accurate and carefully made survey and plat of the premises; but the plaintiffs seemed little inclined to assist this court. First, they failed to have this property surveyed. Second, they failed to furnish us with the plats showing the surveying that defendant had done. Third, they have not had this case properly briefed. They have presented us with a perfunctory paper styled "brief," in which not an authority is cited, not a line of the evidence is mentioned, no error pointed out, nor is even a page of the record referred to. They merely present us with a record about the size of an unabridged dictionary, nearly five inches thick and weighing nine and one-half pounds, which they invite us to read and search for errors; but it is the practice of this court, as stated in McCorkle, et al. v. Chapman, et al., 181 Ky. 607, 205 S. W. 682, to decline such invitations. In that opinion, five earlier opinions of this court were cited, and this case has been followed in Lowery v. Com., 191 Ky. 657, 231 S. W. 234; Hopkins v. Com., 210 Ky. 378, — S. W. —, and many others. The same doctrine has also been announced in the cases of Harlan Coal & Coke Co. v. Davidson, 203 Ky. 580, 262 S. W. 936; Payne v. Fiscal Court of Carlisle County, 200 Ky. 41, 252 S. W. 127; McKinzie v. Com., 193 Ky. 781, 237 S. W. 386.

In the case of Conley v. Com., 208 Ky. 538, 271 S. W. 566 (a case in which a plat was omitted), this court said:·

> "The rule is well settled that when an appeal is prosecuted on only a partial record it may be presumed that the judgment is supported by such omitted parts, either of themselves or by the explanation they afforded of the other evidence."

The presumption is in favor of the correctness of the ` decision of the trial court. Oaks v. Oaks, 204 Ky. 298, 264 S. W. 752. This presumption is one with which this court begins its examination of every case brought before it, and it therefore behooves the appellant to specifically point out the alleged errors of which he is ·complaining, and to point out those parts of the record where these errors may be found, and that part of the evidence which tends to sustain his position and to overcome the presumption of the correctness of the judgment of the trial court. These things the appellants in this case have failed to do, and in addition to that failure, they have not` brought to us all the record that was before the trial court.

The judgment is affirmed.