### Walker v. Commonwealth.

(Decided October 8, 1926.)

### Appeal from Harlan Circuit Court.

1.  Criminal Law—Refusal of Continuance for Absent Witness Held Not Error, where Defendant Did Not Offer Affidavit Containing Witnesses's Testimony, nor Did Commonwealth's Attorney Refuse

to Consent that it Might be Read as His Deposition (Acts 1920, Chapter 57, Amending Criminal Code, Section 189).—Refusal of continuance to secure attendance of witness without jurisdiction of the court held not shown to be error, in view of Acts 1920, chapter 57, amending Criminal Code, section 189, where it did not appear that defendant offered to read affidavit containing testimony of witness during trial, or that Commonwealth't attorney at any time refused to consent that it might be read as deposition of witness.

2.   Criminal Law—Where Record Did Not Contain Alleged Improper Remarks of Commonwealth's Attorney, Reviewing Court Could Not Assume that they were Prejudicial.—Where remarks of Commonwealth's attorney in argument to jury were not set out in record, but only substance thereof, reviewing court could not assume that remarks were susceptible of construction placed on them by appellant, or that they were so improper as to prejudice defendant's substantial rights.

W. A. BROCK for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Mabel Walker, also known as Mabel Wilson, indicted for murder, was found guilty of voluntary manslaughter and sentenced to confinement in the penitentiary for twenty-one years.

The only grounds for a new trial filed by appellant in the court below were the refusal of the trial court to grant her a continuance and improper remarks made by the attorney for the Commonwealth in his argument to the jury.

Appellant was indicted at the August term, 1925, of the Harlan circuit court, and the case was set for trial on August 27, 1925. On that day the Commonwealth moved that the case be set for trial on the seventh day of the October term of court. The court overruled the motion and set the case for trial on the ninth day of the November term of court, which was on December 2, 1925. No order was entered on the day set, but it appears from the record that the appellant answered not ready on account of the absence of a witness, Alfred Blake, and a warrant was issued for his arrest and the case continued to the following day. The warrant of arrest was placed in the hands of the sheriff and returned not found. The

appellant then moved for a continuance and in support thereof filed her affidavit stating she was not ready because of the absence of a witness, Alfred Blake, for whom a subpoena had been issued on November 10, 1925, and which had not been executed. The affidavit contained the testimony that was claimed would be given by the witness, and the further statement that he was then in Harlan county. The Commonwealth, in opposition to appellant's motion for a continuance, then introduced a number of witnesses to show that the witness, Blake, was a nonresident of and absent from the state of Kentucky. The proof tended to show that he left Harlan county a short time after the killing for which appellant was indicted and had gone to West Virginia. At the conclusion of this testimony the court ruled as follows:

"The Commonwealth's proof shows that the witness is out of the jurisdiction of this court. The Commonwealth is not compelled to do impossible things to find out where a man can be found. They have shown reasonable efforts on the part of the officers to find him. The affidavit filed will not have to be admitted by the Commonwealth and the case will have to go to trial."

In the brief for the Commonwealth it is argued that the legislature in enacting chapter 57 of the Acts of 1920 as an amendment to section 189 of the Criminal Code never intended that the attorney for the Commonwealth should be required to agree that affidavits of nonresident absent witnesses might be read as their depositions. It is not necessary to decide this point, however, as it does not appear from the record that appellant offered to read the affidavit during the trial, or that the attorney for the Commonwealth at any time refused to consent that it might be read as the deposition of the absent witness. The proof for the Commonwealth in opposition to the motion for a continuance appears to have been introduced to show that it was unreasonable to expect the personal attendance of the witness could be procured should a continuance be granted. Although the appellant may have understood the ruling of the court as a refusal to permit the reading of the affidavit as the deposition of the absent witness she should have offered to read the affidavit at the proper time during the trial and afforded the court an opportunity to then rule as to

whether it should be read as such deposition in the event the attorney for the Commonwealth refused to consent that it might be so read. In Adams v. Commonwealth, 212 Ky. 334, 279 S. W. 332, it was held that the record must affirmatively show that the trial court overruled the motion for a continuance after the attorney for the Commonwealth refused to consent that the affidavit might be read as the deposition of the absent witness; or must show that appellant offered to read the affidavit as such, and that the trial court refused to permit him to do so. This practice was not complied with in this case, and the refusal of the trial court to grant a continuance cannot now be relied on as a ground for reversal. McKinzie v. Commonwealth, 193 Ky. 781, 237 S. W. 386.

The remarks of the attorney for the Commonwealth in his argument to the jury of which appellant complains as being improper are not set out in the record but only the substance thereof and the conclusions therefrom of the draftsman of the bill of exceptions. The remarks alleged to be improper should have been incorporated in the bill of exceptions in such form that this court might determine for itself the probable intent and effect thereof. From the state of the record we can not assume that the remarks complained of were susceptible of the construction placed on them by appellant and we can not say they were so improper as to prejudice appellant's substantial rights.

Judgment affirmed.