## Creech v. Louisville & Nashville Railroad Company.

(Decided December 17, 1926.)

### Appeal from Madison Circuit Court.

1. Eminent Domain—Award for Land Taken and for Damages to that Remaining Held Not Inadequate, in View of Evidence.—In condemnation suit, award for land taken and for resulting damages to land remaining held not inadequate or contrary to the evidence.

2. Eminent Domain—Refusal to Permit Particular Argument of Counsel Held Not to Disclose Error, Where Proposed Argument was Not in Record.—In condemnation proceeding, refusal to permit defendant's counsel to comment in argument on testimony of particular witness held not to disclose error, where record did not contain any avowal of proposed argument.

3. Appeal and Error—Complaining Party has Burden of Proving that Excluded Argument was Proper.—Appellant, complaining of refusal to permit his counsel to make particular argument, has burden of proving that such argument was proper.

4. Appeal and Error—Judgment of Lower Court is Always Presumed Correct.—The presumption, in appellate practice, always is that judgment of lower court is correct.

5. Eminent Domain—Where Railroad Stipulated that it Would Restore Crossing, Exclusion of Evidence of Resulting Damages from Destruction of Crossing in Double Tracking was Not Error.—In proceeding to condemn land for double tracking of railroad, where defendant had land on both sides of track, it was not error to exclude evidence tending to show resulting damages to one tract of land from destruction of crossing, where railroad stipulated that it would restore any crossing to which defendant was entitled.

G. MURRAY SMITH for appellant.

BURNAM & GREENLEAF and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a condemnation suit. In the county court, the landowner, appellant herein, was awarded the sum of $3,584.00 for 4.74 acres of land taken by the appellee, the further sum of $4,216.00 for resulting damages to the land remaining after the 4.74 acres had been taken, and the sum of $1,200.00 for fencing. On appeal by the railroad to the circuit court, the jury awarded the appellant

the sum of $1,434.00 for the land taken, $800.00 for result-ing damages, and $1,200.00 for fencing, the last item seem-ing to be a sum agreed upon by the parties.     From the judgment entered on this verdict, the appellant prose-cutes this appeal.

Three grounds are relied upon for reversal, and we will consider them in the order in which they are pre-sented in appellant's brief. The first of them is that the verdict is contrary to the evidence and to the law. The appellant argues that the amounts he was awarded for the land taken and resulting damages are far too small and are not supported by the evidence. Conceding that the question of the adequacy of the damages awarded can be raised under this ground for a new trial, yet we do not find any merit in this contention of the appellant. It is true that this evidence warranted a much higher find-ing than the jury allowed, but its verdict is supported by the testimony of N. B. Deatherage and E. C. Davis, wit-nesses for the appellee. It was for the jury to say what testimony it believed, and we cannot say that, supported as it is, its verdict is contrary to the evidence or to the law.

The second ground for reversal is based on appel-lant's contention that his counsel was not allowed to comment, in his closing argument, on the testimony of the witness Deatherage.     This witness was one of the commissioners appointed by the county court to view the premises and assess the damages. The record shows that, after inspecting the premises with his fellow com-missioners, he, at first, agreed with them to assess the damages at $9,000.00, being the amount later awarded the appellant by the county court. However, after thinking the matter over, he declined on the next day to sign the commissioners' report fixing the damages at $9,000.00. On the trial in the circuit court, he appeared as a witness for the appellee and fixed the value of the land taken at $1,195.00 and the resulting damages from $250.00 to $300.00. The item of fencing was not in dispute. Appel-lant's counsel wished to comment on the fact that Death-erage had first agreed to the damages as fixed by his fel-low commissioners, but had later refused to sign the report and had testified to radically different figures in the circuit court. The court refused to allow him to do so. The bill of exceptions does not set out the argument which appellant's counsel was making when he was stop-

ped by the court on appellee's objection and not even the substance thereof. It simply says that appellant's counsel offered to comment upon Deatherage's testimony. Neither does the bill of exceptions contain any avowal of the argument appellant's counsel proposed to make.

With the record in this condition, we are unable to say that the court committed error. Appellant's argument, made or proposed to be made, might have been highly improper as well as proper. It devolved upon him to show that it was proper. In the case of Walker v. Commonwealth, 216 Ky. 26, 287 S. W. 20, in commenting on a complaint of an alleged improper argument of a Commonwealth's attorney in his closing address to the jury, we said:

> "The remarks of the attorney for the Commonwealth in his argument to the jury, of which appellant complains as being improper, are not set out in the record, but only the substance thereof and the conclusions therefrom of the draftsman of the bill of exceptions. The remarks alleged to be improper should have been incorporated in the bill of exceptions in such form that this court might determine for itself the probable intent and effect thereof."

By a parity of reasoning, appellant's argument which the court stopped should have been made a part of the record, so that we might judge whether the trial court improperly stopped it.

Further, in the case of Louisville Woolen Mills v. Kingden, 191 Ky. 569, 231 S. W. 202, we held that we could not consider an alleged error in denying to the appellant therein the right to make an argument on an issue unless the argument proposed to be made be set out in the bill of exceptions. This is essential because without it we are unable to say whether the proposed argument would have been a proper one or not. The presumption in appellate practice always is that the judgment of the lower court is correct and it devolves on the appellant to show that it is erroneous. The rule is thus stated in Miller's Kentucky Appellate Practice and Forms, p. 40:

> "The Court of Appeals will presume the decision of the lower court to be right until the contrary is shown. The burden of showing that there is error is upon the appellant, and he must exhibit in the

transcript so much of the record as will show affirmatively that the decision complained of is erroneous."

As it devolved on appellant to incorporate in his bill of exceptions the argument made or proposed to be made and which the court declined to permit him to make, in order that we might judge whether it was a proper one or not, and as he failed to do so, we cannot consider the second ground relied upon for reversal.

The third ground for reversal presented by appellant is based on these facts: Appellee's right of way has for a number of years run between two tracts of land owned by appellant. On the one side was a tract of some 122 acres. On the other was a tract of a little over 92 acres. At the south end of these two tracts, appellant had constructed two gates, one opposite the other, in the respective fences which surrounded the respective tracts. There was a dispute whether there was a crossing over the railroad between these two gates. The appellee condemned, for the purpose of double tracking its line and lowering the grade thereof, a strip of land running along its right of way and lying entirely in the 122 acre tract. The 92 acre tract was not disturbed. In lowering the grade, the appellee destroyed the crossing referred to, if there was a crossing. Appellant wished to introduce evidence to show resulting damages to the 92 acre tract, caused by the destruction of this crossing. The appellee stipulated that it would restore the crossing if it should be determined that appellant was entitled to a crossing at this point. Thereupon the court refused to permit appellant to introduce the evidence he wished to, bearing on the alleged resulting damages to the 92 acre tract. It is this refusal of the trial court which is now urged as grounds for reversal.

In view of the stipulation of appellee to reconstruct the crossing, if it should be determined that the appellant was entitled to one at this point, the court committed no error in declining to permit appellant to go into the question of resulting damages to the 92 acre tract, conceding that it was shown to be so inseparably connected with the 122 acre tract, in the uses to which they were applied, that injury or destruction to one must necessarily and permanently injure the other, a condition precedent to any consideration of the question of resulting damages to the 92 acre strip. This rule is set out in the

case of L. & N. R. Co. v. Chenault, 214 Ky. 748, 284 S. W. 397. The only damage the 92 acre tract suffered, if it suffered any, was caused by the destruction of this alleged crossing. The appellee agreed to restore it, if appellant had a legal right to it. If restored, then the 92 acre tract was in no wise damaged. The appellee did not seek, in this litigation, to condemn any easement which appellant might have in the nature of a crossing over the appellee's right of way at this point. Appellant's rights in this connection were just the same after this condemnation proceeding as they were before. It is therefore apparent that the destruction of this alleged crossing was in no wise involved in this condemnation proceeding, and, as the alleged resulting damages to the 92 acre tract depended solely on the destruction of this crossing, it follows that such damages were likewise not involved in this condemnation proceeding. As appellant's easement, if any, was not condemned, but on the contrary expressly recognized and confirmed, if it existed prior to this litigation, it follows that the damages done the 92 acre tract, if any, do not arise out of this condemnation proceeding but out of injury to an easement for which, if the easement be owned by appellant, compensation may be had in a proper proceeding for that purpose or the crossing restored, in accordance with the stipulation of the appellee. The court then properly excluded the offered testimony.

Perceiving no error prejudicial to appellant's substantial rights, we are of opinion that the judgment of the lower court is correct, and it is affirmed.