## Neace et al. v. Commonwealth.

(Decided October 9, 1931.)

C. A. NOBLE and VERNON FAULKNER for appellants.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

This is the second appeal of this case. Elvin Neace was jointly indicted with Manuel Miller, Chester Campbell, Andrew Godsey, and Dave Miller for the murder of Boycan Jones. The opinion in the first appeal of this appellant's case will be found in 233 Ky. 545, 26 S. W. (2d) 489, 491. Manuel Miller was tried and convicted and the judgment reversed by this court for reason set

out in Miller v. Commonwealth, 234 Ky. 346, 28 S. W. (2d) 45.

The judgment of conviction in these two above-styled actions was reversed for error of the court in over-ruling appellant's motion for a change of venue, as provided by Kentucky Statutes, sec. 1109. When the motion was filed, supported by the requisite number of affidavits, the commonwealth offered no proof. The trial judge ordered the allegations of the petition controverted of record and overruled the motion. The court said that was erroneous. Miller v. Commonwealth, supra. That petition, motion, and affidavits are before us in this appeal. The petition asked for a change of venue to some county in the state "other than Perry or Leslie." The petition and affidavits relate to conditions in Perry county and nowhere show the existence of conditions in Leslie that would prevent appellants from obtaining a fair and impartial trial in that county.

In reversing this cause in the former appeal, the court in the course of that opinion said: "Because of the failure of the court to change the venue on the showing as made, the case must be reversed, but this does not mean that the court may not hear evidence on the application for a change of venue and decide the question as the rights of the parties may appear." Since the petition and supporting affidavits showed no existing condition in Leslie county that would prevent defendants from obtaining a fair and impartial trial, the court, upon calling the case upon its return to Perry county, inquired of the defendants if they desired to introduce evidence in support of their petition for change of venue. The defendants, in response to this inquiry, announced they desired to take no further steps until the commonwealth met the issue raised by their petition. The Court of Appeals had said the question was an open one and the court could hear evidence. The opportunity was offered defendant to introduce such evidence as he desired. The court thereupon made an order transferring these cases to Leslie circuit court for trial. We are asked to reverse this judgment because of the change of venue to Leslie county. Perry and Leslie counties compose the Thirty-Third judicial district. The petition failed in its allegation as to any condition in Leslie county that would prevent appellants from obtaining a fair and impartial trial. The same legal requisites were required in the defendants' objection to Leslie as were required in the objec-

tion to Perry. In this particular the application is unsupported by allegations or proof.

The trial in the Leslie circuit court resulted in a verdict of conviction and punishment of life imprisonment. The appellants insist the court erred in not transferring this case to some county other than Leslie. For the reason set out in this opinion it is convincing the court did not err in transferring the trial to the Leslie circuit court.

The case of Manuel Miller v. Commonwealth, 42 S. W. (2d) —, was affirmed by this court, the opinion being delivered September 29, 1931. Reference is made to that opinion, as the identical questions here raised were decided in that appeal.

We are asked in appellant's brief to consider every question presented in their brief on the former appeal "without being burdened with a review of the authorities and grounds set forth in the first appeal as a part of this one." The request presupposes the same errors were committed in this as in the former trial. We cannot subscribe to that presumption. This court has repeatedly refused to search a record for errors which might have been committed. McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682, 683. In this case the court said:

> "Our duties consist in the correction of errors committed by the trial court, and, if counsel for appellant is unable to point out any such errors, it is our duty to affirm the judgment, not only in deference to the trial court, but further because our time is too valuable to search for that which is of such little importance that counsel will not dignify it by pointing it out."

To the same effect is Cloyd v. Commonwealth, 212 Ky. 178, 278 S. W. 595; Brown v. Daniels, 154 Ky. 267, 157 S. W. 3; Garvey v. Garvey, 156 Ky. 664, 161 S. W. 526; Crawford v. Wiedemann, 158 Ky. 333, 164 S. W. 981; Commonwealth v. L. & E. Railway Co., 167 Ky. 442, 180 S. W. 532; Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Brandriff v. Commonwealth, 227 Ky. 389, 13 S. W. (2d) 273; Hamilton v. Commonwealth, 230 Ky. 207, 18 S. W. (2d) 995.

The evidence is sufficient to warrant conviction and supports the verdict of the jury. The writers of the several opinions in these cases have found it too revolting to attempt to narrate the details. The absolute savage

desire to kill and, when that tragic end was completed, the further unsatisfied desire for blood impelling the brutal assaults upon the lifeless body of Boycan Jones, has hardly a parallel in criminology.

Finding no error in the record prejudicial to the substantial rights of appellants, the judgment of the lower court is affirmed.